422 S.E.2d 643

**John PANNELL, Plaintiff
Below, Appellee,**

v.

**INCO ALLOYS INTERNATIONAL,
INC., Defendant Below,
Appellant.**

No. 20888.

Supreme Court of Appeals
of West Virginia.

Submitted Sept. 15, 1992.

Decided Oct. 13, 1992.

John E. Jenkins, Jr., Evan H. Jenkins, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, for appellant.

James A. Colburn, Baer, Colburn & Morris, Huntington, for appellee.

McHUGH, Chief Justice:

Inco Alloys International, Inc. (hereinafter "Inco") appeals the orders of the Circuit Court of Cabell County granting summary judgment in favor of the appellee, John Pannell, in a wrongful discharge action and awarding him damages. Upon review of the record before us, we conclude that the circuit court erred in granting summary judgment and remand this case for further proceedings.

### I

Mr. Pannell was employed as a production worker by Inco for twenty-two years. On April 19, 1989, Inco discharged Mr. Pannell from his employment because of his excessive absenteeism. Inco contended that Mr. Pannell was absent from work 44.1% of his scheduled workdays from 1975 until the date of his discharge.

Mr. Pannell filed a grievance against Inco and initiated an arbitration proceeding asserting that his discharge was not for just cause under the provisions of a collective bargaining agreement. The Board of Arbitration ultimately ruled against him.

Mr. Pannell then filed an action against Inco claiming that it discriminated against him by discharging him because of his receipt or attempt to receive workers' compensation benefits.[1] In its answer, Inco denied the discrimination allegation, and asserted that Mr. Pannell was discharged because of his inability to report to work as scheduled.

Mr. Pannell filed a motion for summary judgment asserting that his receipt of workers' compensation benefits at the time of his discharge establishes a prima facie case of discrimination. Inco also filed a motion for summary judgment. By order dated July 28, 1989, the circuit court ruled that there was a disputed factual issue as to whether the filing of the workers' compensation claim was the basis for Mr. Pannell's discharge, and denied both motions for summary judgment.

Mr. Pannell later renewed his motion for summary judgment. The circuit court denied that motion. The circuit court also held that Inco was not permitted to raise any affirmative defense or develop proof thereon at trial because it failed to plead any affirmative defense, other than Mr. Pannell's inability to report to work as scheduled and his overall work record.[2]

---

1. Mr. Pannell alleged in his complaint that he injured his back while working as a laborer for Inco on April 3, 1975. He further alleged that his condition was aggravated by two subsequent back injuries on February 14, 1985, and May 2, 1986.

2. At the pretrial hearing in this matter, counsel on behalf of Inco represented to the Court that Inco wanted to argue the statute of limitations as a defense even though it did not plead that defense. The circuit court denied Inco's motion to amend its answer to include the statute of limitations defense and then issued the order

The circuit court, however, subsequently reconsidered Mr. Pannell's motion for summary judgment, and by order entered May 10, 1991, granted his motion on the issue of liability. The circuit court, in the same order, scheduled the matter of damages for hearing.

A trial was held by the circuit court on the issue of damages. The circuit court then entered an order granting a judgment in favor of Mr. Pannell and awarding him damages for back pay in the amount of $122,285.00, and front pay in the amount of $193,706.00. The circuit court further held that, in the event Mr. Pannell is found to be entitled to a disability pension, Inco was to pay him all past monthly benefits of $31,098.00, with interest at ten percent. The order also provided that the awards of back pay and front pay would be reduced during the time Mr. Pannell received disability pension payments. Inco appeals this decision.

## II

The dispositive issue in this case is whether the circuit court erred in granting summary judgment in favor of Mr. Pannell on the issue of liability. Both parties cite this Court's decision in *Powell v. Wyoming Cablevision, Inc.*, 184 W.Va. 700, 403 S.E.2d 717 (1991) in support of their arguments.

■ In syllabus point 1 of *Powell* we set forth the burden of proof which must be met by an employee to establish a prima facie case of discrimination under *W.Va. Code*, 23–5A–1 [1978]:[3]

In order to make a prima facie case of discrimination under W.Va.Code, 23–5A–1, the employee must prove that: (1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act, W.Va.Code, 23–1–1, *et seq.;* and (3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee.

■ We then explained in syllabus point 2 of *Powell* that when the employee establishes a prima facie case of discrimination, the burden shifts to the employer:

When an employee makes a prima facie case of discrimination, the burden then shifts to the employer to prove a legitimate, nonpretextual, and nonretaliatory reason for the discharge. In rebuttal, the employee can then offer evidence that the employer's proffered reason for the discharge is merely a pretext for the discriminatory act.

■ In the present case, the record shows that Mr. Pannell suffered work-related injuries and was receiving temporary total disability benefits at the time of his discharge. Although Mr. Pannell has satisfied the first two elements of the standard of proof which must be established under syllabus point 1 of *Powell*, the third element, whether his filing of a workers' compensation claim was a significant factor in Inco's decision to discharge him, is in dispute. There is a material issue of fact as to whether his discharge was prompted by

---

prohibiting it from raising additional affirmative defenses. Inco does not raise the statute of limitations issue on appeal.

We do point out, however, that in its answer to the complaint, Inco responded to Mr. Pannell's allegations by stating that he had been "absent 44.1% of his scheduled work days from 1975 until his termination on April 29, 1987," and that his employment "was terminated due to inability to report for work as scheduled and overall work record[.]"

Inco's pleading raises Mr. Pannell's absenteeism and overall work record as reasons for his discharge. The reasons given by Inco in its answer for Mr. Pannell's discharge provided Mr. Pannell sufficient notice and an opportunity to argue why his claim should not be barred alto-

gether. *Nellas v. Loucas*, 156 W.Va. 77, 82, 191 S.E.2d 160, 164 (1972) ("So long as his opponent is fairly apprised and presented with the opportunity to contradict, he should not lose the merits of his position by imprecise and less than conclusive pleading."). We do not interpret the circuit court's order prohibiting Inco from raising any more defenses as precluding it from arguing Mr. Pannell's absenteeism and overall work record at trial.

3. W.Va.Code, 23–5A–1 [1978] provides: "No employer shall discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits under this chapter."

his claim for workers' compensation benefits or by his absenteeism and overall work record.[4] There is also a question as to whether Mr. Pannell will ever be able to return to work as a result of his injuries.[5]

■ "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963). In the case before us, summary judgment should not have been granted because a genuine issue of fact exists regarding the reasons for Inco's decision to discharge Mr. Pannell.[6] Accordingly, we reverse this case, and remand it for further proceedings.[7]

## III

■ Finally, we shall address one other issue raised by Inco which may be brought up again on remand concerning the application of *W.Va.Code*, 23–5A–3 [1990] to the facts of this case. Inco contends that this statute cannot be applied in this case because Mr. Pannell was discharged three years before it was enacted. Mr. Pannell maintains that the circuit court only relied on *Powell, supra*, in reaching its decision on the summary judgment motion, and that it did not apply the provisions of *W.Va. Code*, 23–5A–3 [1990] retroactively.

In *Shanholtz v. Monongahela Power Co.*, 165 W.Va. 305, 270 S.E.2d 178 (1980), the issue of whether *W.Va.Code*, 23–5A–1 [1978] should be applied retroactively was before us on certified question. We stated a general rule of statutory construction in syllabus point 3 of *Shanholtz:* "A statute is presumed to operate prospectively unless the intent that it shall operate retroactively is clearly expressed by its terms or is necessarily implied from the language of the statute." We held that, because there was no indication that the legislature intended the statute to be applied retroactively, *W.Va.Code*, 23–5A–1 [1978] must be applied prospectively.

We find no language in *W.Va.Code*, 23–5A–3 [1990] from which we could infer that the legislature intended that it be applied retroactively. Moreover, this statute is not purely procedural or remedial in nature.[8] *W.Va.Code*, 23–5A–3 [1990] confers a substantial right on an injured employee by prohibiting employers from discharging such employee while he or she is absent from work due to the injury and is receiving temporary total disability benefits, "unless the injured employee has committed a separate dischargeable offense."[9] Thus, we conclude that, absent a clear expression by the legislature that retroactive applica-

---

**4.** We note that Mr. Pannell argues that the reasons given by Inco for discharging Mr. Pannell are not "legitimate, nonpretextual, and nonretaliatory." However, on remand, Inco will have the burden of proving that Mr. Pannell's absenteeism and overall work record were legitimate, nonpretextual and nonretaliatory reasons for discharging him. If Inco meets this burden, then Mr. Pannell will have the opportunity to offer evidence that Inco's proffered reasons for the discharge are merely a pretext for a discriminatory act.

**5.** Counsel on behalf of Mr. Pannell acknowledged at the oral argument before this Court that it does not appear that Mr. Pannell is physically able to return to work at this time.

**6.** We pointed out in *Powell* that, because there is usually no direct evidence of discrimination, courts should look at a variety of factors in determining whether there is a nexus between the discharge and the filing of the workers' compensation claim. 184 W.Va. at 704, 403 S.E.2d at 721. Such factors include the proximity in time of the workers' compensation claim and the discharge, and harassing conduct or adverse comments regarding the submission of the claim. *Id.*

**7.** We do not address Inco's assignment of error regarding damages because this matter is being remanded for further proceedings.

**8.** We observed in *Shanholtz* that the general rule presuming that a statute is to be applied prospectively may be relaxed if the statute is purely procedural or remedial in nature. 165 W.Va. at 311, 270 S.E.2d at 183.

**9.** *W.Va.Code*, 23–5A–3(a) [1990] provides that "[a] separate dischargeable offense shall mean misconduct by the injured employee wholly unrelated to the injury or the absence from work resulting from the injury."

tion was intended, *W.Va.Code*, 23–5A–3 [1990], which confers substantial rights on injured employees, must be applied prospectively.

### IV

For the reasons set forth herein, the orders of the Circuit Court of Cabell Coun-ty are reversed, and this case is remanded for further proceedings.

Reversed and remanded.