434 S.E.2d 7

**Belinda S. MYERS and Sandra
F. Tennant, Plaintiffs
below, Appellees,**

v.

**MORGANTOWN HEALTH CARE CORP.,
a West Virginia Corporation, Defen-
dant below, Appellant.**

No. 21360.

Supreme Court of Appeals of
West Virginia.

Submitted May 11, 1993.

Decided July 15, 1993.

Thomas C. Cady, Morgantown, for appellees.

Francis L. Warder, Jr., Clarksburg, for appellant.

NEELY, Justice:

This case involves two people fired from their jobs at Morgantown Health Care Corporation ("Morgantown"). Both Belinda S. Myers and Sandra F. Tennant have alleged discrimination in violation of *W. Va. Code* 23-5A-1 [1978], commonly referred to as the anti-discrimination statute of the workers' compensation laws. The jury found in favor of Ms. Myers and Ms. Tennant. We reverse.

Ms. Myers worked as a nurse's aide for Morgantown. On 18 February 1988, Ms. Myers was injured on the job. She did not work from 29 February 1988 until 10 October 1988 when she was discharged from her employment under Morgantown's personnel policy. At the time of her discharge, Ms. Myers was receiving temporary total disability under Workers' Compensation.

Ms. Tennant worked as a laundry aide for Morgantown. On 27 February 1987 and on 23 March 1987, Ms. Tennant was injured on the job and has not worked for Morgantown since 23 March 1987. According to Morgantown's personnel records, Ms. Tennant quit her employment on 17 March 1988; Ms. Tennant contends she was discharged from her employment. At that time Ms. Tennant was receiving temporary total disability under Workers' Compensation.

While employed by Morgantown, Ms. Myers and Ms. Tennant were fully apprised of Morgantown's medical leave of absence policy. The medical leave of absence handbook of Morgantown's personnel policies provides in pertinent part:

A medical leave of absence is available to non-introductory employees and requires a written statement in advance from your physician stating the reason for the leave as well as the expected duration. Medical leaves will only be granted for a maximum of 30 days at a time. After 30 days a new physician's statement must be supplied. If a medical leave exceeds the length of time stated by your physician or exceeds a continuous three month period, you will be terminated. An additional medical leave for up to 3 months may be authorized by the Regional Manager or Vice–President of Operations.

Ms. Myers requested and was granted medical leaves of absence from 1 March 1988 through 1 September 1988. On 10 October 1988, Ms. Myers' supervisor completed a personnel change form to remove her from the payroll because her leave of absence exceeded the six months of medical leave of absence permitted under Morgantown's personnel policies. Pursuant to the medical leave of absence policy, Ms. Myers was notified of her termination by letter dated 10 October 1988.

Although Ms. Tennant had been absent from work for nearly a year, she had neither requested nor been granted a medical leave of absence. On 17 May 1988, Ms. Tennant informed Morgantown's director of nursing that she would not return to work because her injury rendered her incapable of doing the type of work required of a laundry aide. On the same day, Ms. Tennant's supervisor completed an "Employee Termination Form." Ms. Tennant received a notice from Morgantown indicating that she had voluntarily quit her job.

■ Neither Ms. Myers nor Ms. Tennant offered evidence that their discharge was causally related to their filing workers' compensation claims or that appellant discriminatorily applied the medical leave of absence policy against them. Despite this absence of evidence to support their claim, both Ms. Myers and Ms. Tennant contend that their discharges constitute *per se* violations of *W. Va. Code* 23-5A-1 [1978].

The lower court's instructions at issue are as follows:[1]

The Court instructs the jury that in this case the legal theory plaintiffs rely

1. Tr. Vol. 1, pp. 95–96.

upon for recovery against the defendant corporation is that each was the victim of a retaliatory discharge. Several State statutes are relevant for your consideration.

First, *W. Va. Code*, § 23–5A–3, provides that discriminatory practices are prohibited. It states that no employer shall discriminate in any manner against present or former employees because of such present or former employee's receipt of or attempt to receive Workers' Compensation benefits.

Furthermore, *W. Va. Code*, § 23–5A–3, provides that termination of an injured employee is prohibited. The relevant law states that it shall be a discriminatory practice within the meaning of the previous section to terminate an injured employee while the injured employee is off work due to a compensable injury and is receiving or is eligible to receive temporary total disability benefits, unless the injured employee has committed a separate dischargeable offense. A separate dischargeable offense shall mean misconduct by the injured employee wholly unrelated to the injury or the absence from work resulting from the injury. A separate dischargeable offense shall not include absence resulting from the injury or from the inclusion or aggregation of absence due to the injury with any other absence of work.

In 1978 the West Virginia legislature enacted *W. Va. Code* 23–5A–1, titled "Discriminatory Practices Prohibited," under which an employee's application for or receipt of Workers' Compensation benefits must bear a causal relation to the employee's termination. *W. Va. Code* 23–5A–1 [1978] provides in pertinent part:

No employer shall discriminate in any manner against any of his present or former employees *because of* such present or former employees' receipt of or attempt to receive benefits under this Chapter.

[Emphasis added]. In 1990, *W. Va. Code* 23–5A–3 recast the contours of *W. Va. Code* 23–5A–1 [1978], abandoning the element of causality with regard to discharges for absence from work and defining a discriminatory practice as one that results in a discharge of any employee who receives or is eligible to receive Workers' Compensation. *W. Va. Code* 25–5A–3 [1990] provides:

It shall be a discriminatory practice within the meaning of [*W. Va. Code*, 23–5A–1] to terminate an injured employee while the injured employee is off work due to a compensable injury ... and is receiving or is eligible to receive temporary total disability benefits ...

Because the injuries and the discharges from employment of Ms. Myers and Ms. Tennant occurred two years before the enactment of *W. Va. Code* 23–5A–3 [1990], that statute is not applicable to this case and should not have been a part of the judge's charge to the jury.

■ Statutes are presumed to have only prospective application. *Arnold v. Turek*, 185 W.Va. 400, 406, 407 S.E.2d 706, 712 (1991). In derogation of that principle, the lower court's inclusion of *W. Va. Code* 23–5A–3 [1990] in its charge to the jury effectively gave retrospective application to *W. Va. Code* 23–5A–3 [1990]. Because the lower court's application of *W. Va. Code* 23–5A–3 [1990] was incorrect, it is reversible error.

The presumption of a statute's prospective operation is defeated only if its terms clearly express the intent that it shall operate retroactively or the language of the statute necessarily implies it. *Arnold v. Turek*, 185 W.Va. 400, 406, 407 S.E.2d 706, 712 (1991). There is neither express nor implied language in *W. Va. Code* 23–5A–1 [1978] from which to infer that the Legislature intended retrospective application. *Shanholtz v. Monongahela Power Company*, 165 W.Va. 305, 311, 270 S.E.2d 178, 183 (1980). Likewise, *W. Va. Code* 23–5A–3 [1990] was not intended to operate retroactively. *Pannell v. Inco Alloys International, Inc.*, 188 W.Va. 76, 79, 422 S.E.2d 643, 646 (W.Va.1992). In short, retrospective application of either of these statutes would confound reasonable expectations.

■ The general rule of prospective application may be relaxed only for statutes purely procedural or remedial in nature.

*Shanholtz v. Monongahela Power Co.*, 165 W.Va. 305, 311–312, 270 S.E.2d 178, 183 (1980). *Shanholtz* involved an at-will employee who, after having successfully filed a workers' compensation claim for injuries suffered on the job, was fired by his employer. Mr. Shanholtz sued his employer, alleging that his discharge was in retaliation for his efforts to obtain worker's compensation benefits. Significantly, Mr. Shanholtz charged that his employer had breached a statutory duty owed to him under *W.Va.Code* 23–5A–1 [1978]. As in the instant case, after Mr Shanholtz was fired, the legislature amended *W.Va.Code* 23–5A–1 [1978].

According to the *Shanholtz* court, the newly-amended *W.Va.Code* 23–5A–1 [1978] simply incorporated pre-existing case law articulated in *Harless v. First National Bank in Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978). In *Harless*, a discharged at-will employee sued his employer, claiming that his discharge was in retaliation for his efforts to require his employer to comply with state and federal consumer credit and protection laws. Until *Harless*, employment-at-will could be terminated at any time by either party with or without cause. In *Harless*, we tempered this rule, holding that an employer may be liable to the employee for damages occasioned by the discharge where the employer's motivation for the discharge is to contravene some substantial public policy.

In *Shanholtz*, we held that the general rule of prospective application may be relaxed only for statutes purely procedural or remedial in nature and thus refused to apply the newly-amended *W.Va.Code* 23–5A–1 [1978] retroactively. *Shanholtz* 165 W.Va. at 311–312, 270 S.E.2d at 183. However, we also created an exception to the general rule of prospective application in light of *Harless:* where an amended statute incorporates common law that had existed before the amendment to the statute, the statute may be applied retroactively.

In this case, however, the newly-amended *W.Va.Code* 23–5A–1 [1990] is not codifying law that existed before the changes to *W.Va.Code* 23–5A–1 [1990]; instead *W.Va. Code* 23–5A–1 [1990] creates new law. While the old *W.Va.Code* 23–5A–1 [1978]

required a causal relationship between the application for or receipt of workers' compensation benefits and the discharge, the new *W.Va.Code* 23–5A–3 [1990] creates a conclusive presumption that a person who is discharged due to absence from work while receiving benefits is the victim of discrimination. Because *W.Va.Code* 23–5A–3 [1990] does not incorporate pre-existing case law, *W.Va.Code* 23–5A–3 [1990] and thus must not be applied retroactively.

■ The giving of an erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not prejudiced by the instruction. *Rodgers v. Rodgers*, 184 W.Va. 82, 95, 399 S.E.2d 664, 667 (1990). We must infer that the jury verdict in this case was influenced to some extent by the erroneous instructions with regard to *W.Va.Code* 23–5A–3 [1990]. By negating the need to prove the causality element essential to recovery under *W.Va.Code* 23–5A–1 [1978], the court diminished the burden of proof that was properly applicable.

Accordingly, the judgment of the Circuit Court of Monongalia County is reversed and case is remanded for further proceedings consistent with this opinion.

**Reversed and Remanded.**