483 S.E.2d 542

**Etta Lee CONLEY, Appellant**

v.

**WORKERS' COMPENSATION DIVISION and Hercules, Inc., Appellees.**

**No. 23677.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 1997.

Decided Feb. 20, 1997.

F. Cody Pancake, III, Daniel R. James, Barr & James, Keyser, for Appellant.

John L. McClaugherty, George E. Roeder, III, Jackson & Kelly, Morgantown, for Hercules, Inc.

DAVIS, Justice:

This is an appeal by the appellant herein and claimant below, Etta Lee Conley, from a decision by the state Workers' Compensation Appeal Board (Appeal Board). The Appeal Board's ruling reversed the Workers' Compensation Office of Judges' (OOJ) decision that the appellant sustained a compensable psychiatric injury while employed with the appellee, Hercules, Inc.[1] Appellant assigned

1. The state Workers' Compensation Division, though named as an appellee in this case, did not file a brief.

as error the Appeal Board's application of W.Va.Code § 23–4–1f (1993) to reverse the OOJ decision.[2]

## A.

### FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts in this case are intertwined with the appellant's personal life and her employment with the appellee. To start, the appellant has been married twice and has one child, an adult son, born from her first marriage. The appellant lives with her son and mother. The appellant's son was in the Navy during the Persian Gulf War. In January of 1991, he sustained a severe head injury during a training exercise. He was hospitalized for several weeks before being medically discharged from the Navy. The record also reflects that during the course of her life the appellant has suffered numerous physical problems.

The appellant began work with the appellee in October of 1978, as an explosives operator. The record indicates that the appellee manufactured rockets in Mineral County as a United States defense contractor. During a January 6, 1993, deposition of the appellant she chronicled years of verbal abuse and harassment by two male co-workers, Bob Phillips and Rick Dyer, as well as disturbing and insulting "pranks" played on her by other employees. The appellant described how she found a Depends (adult diaper) on her workstation on one occasion and other female articles at her work station on another occasion. The appellant indicated that from about 1984, to the day she walked off her job in 1990, she ate lunch and took her breaks in the women's bathroom in order to avoid being harassed and insulted. She testified that during the period when her son was in the Navy and preparing to go to the Gulf conflict, she would find paper-made depictions of dead and mutilated soldiers at her workstation.

The appellant, during her deposition, testified to the verbal abuse she suffered at the hands of her co-workers, Mr. Phillips and Mr. Dyer. It was testified to by the appellant that Mr. Phillips and Mr. Dyer routinely threw things and made loud banging noises in her presence, as a way of simulating a bomb going off. The appellant testified that this was done to scare her while she assembled bombs. On December 18, 1990, an incident occurred where Mr. Phillips threw an object on a box of igniters that were located behind the appellant. The appellant testified that this was dangerous because an explosion could have occurred. The appellant left work on December 18, 1990 and never returned.[3]

The appellant also testified at her deposition that she twice tried to commit suicide, as a result of the harassment and insults she faced at work. The first incident occurred in 1986, when she sat on a railroad track waiting for a train to come and run over her. The second incident occurred in 1990, when she cut her wrist. Additionally, the appellant was hospitalized on four separate occasions at the psychiatric unit of Somerset Hospital—Cumberland, Maryland, during the period covering March 1991 to March 1993.[4]

On August 27, 1991, a few months after her second discharge from the psychiatric unit at Somerset Hospital, the appellant filed a claim for workers' compensation benefits due to alleged compensable psychiatric impairment. On December 4, 1991, the Commissioner of the Workers' Compensation Fund issued a terse, one sentence denial of the claim as follows: "The disability complained of was not due to an injury received

---

**2.** The final order of the Appeal Board cited W.Va.Code § 23–4–1g. The parties agree that this citation was a typographical error. The W.Va.Code currently does not contain § 23–4–1g.

**3.** Also on December 18, 1990, the appellant testified that she found a picture of mutilated and dead bodies at her workstation.

**4.** The actual dates of hospitalization were: March 22, 1991 to April 25, 1991; May 5, 1991 to May 11, 1991; March 31, 1992 to April 8, 1992; and March of 1993 (the record does not indicate the coverage period for the last hospitalization). The appellant's diagnoses were major depressive disorder, hypothyroidism, irritable bowel syndrome and post traumatic stress disorder.

in the course of and resulting from employment."

Appellant protested the Commissioner's denial to the OOJ. By an order dated August 30, 1995, the OOJ reversed the Commissioner's denial of compensability and held: "The claimant has satisfied her evidentiary burden of demonstrating a mental or emotional injury in the course of and resulting from her employment as a result of a continuous and intentional harassment and humiliation." The appellee appealed the decision of the OOJ to the Appeal Board.

By order dated May 31, 1996, the Appeal Board reversed the decision of the OOJ on two grounds: (1) "The Board finds the claimant's psychiatric condition allegedly due to harassment from co-employees is not an injury received in the course of or as a result of her employment," and (2) "The Board finds this claim to be a mental-mental claim which is non-compensable." The appellant filed this appeal citing, as grounds for reversal, only the second reason found by the Appeal Board for its decision. We address both grounds used by the Appeal Board.

## B.

### STANDARD OF REVIEW

■ We pointed out in the single syllabus of *Rushman v. Lewis*, 173 W.Va. 149, 313 S.E.2d 426 (1984) that: " 'This Court will not reverse a finding of fact made by the Workmen's Compensation Appeal Board unless it appears from the proof upon which the appeal board acted that the finding is plainly wrong.' Syl. pt. 2, *Jordan v. State Workmen's Compensation Commissioner*, 156 W.Va. 159, 191 S.E.2d 497 (1972), quoting, Syllabus, *Dunlap v. State Workmen's Compensation Commissioner*, 152 W.Va. 359, 163 S.E.2d 605 (1968)." We have associated the plainly wrong standard with the review of evidentiary findings. We held in syllabus point 3 of *Ruby v. Insurance Com'n of West Virginia*, 197 W.Va. 27, 475 S.E.2d 27 (1996) that " '[e]videntiary findings made at an ad-

ministrative hearing should not be reversed unless they are clearly wrong.' Syllabus Point 1, *Francis O. Day Co. v. Director, Division of Environmental Protection*, 191 W.Va. 134, 443 S.E.2d 602 (1994)." Moreover, the plainly wrong standard of review is a deferential one, which presumes an administrative tribunal's actions are valid as long as the decision is supported by substantial evidence. Syl. pt 3, *In re: Queen*, 196 W.Va. 442, 473 S.E.2d 483 (1996); *Frymier–Halloran v. Paige*, 193 W.Va. 687, 695, 458 S.E.2d 780, 788 (1995).

■ It was noted by this Court in *West Virginia Judicial Inquiry Commission v. Dostert*, 165 W.Va. 233, 235, n. 3, 271 S.E.2d 427, 428, n. 3 (1980) that "we are not required to, and do not, judge [the Appeal Board's] legal conclusions by a 'clearly wrong' standard."[5] (Citation omitted.) As we said in *Barnett v. State Workmen's Compensation Com'r.*, 153 W.Va. 796, 812, 172 S.E.2d 698, 707 (1970), "[w]hile the findings of fact of the appeal board are conclusive unless they are manifestly against the weight of the evidence, the legal conclusions of the appeal board, based upon such findings, are subject to review by the courts." Conclusions of law are subject to de novo scrutiny. Syl. pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 453 S.E.2d 395 (1994); Syl. pt. 1, *Randolph County Board of Education v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989). Where the issue on an appeal is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review. Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995); Syl. pt. 1, *University of West Virginia Bd. of Trustees on Behalf of West Virginia University v. Fox*, 197 W.Va. 91, 475 S.E.2d 91 (1996).

## C.

### RETROACTIVE APPLICATION OF W.VA. CODE § 23–4–1f

■ Appellant argues that the Appeal Board committed error in applying W.Va.

---

5. It will be noted that our cases have used the term "clearly wrong" and "plainly wrong" interchangeably. *See Jordan v. State Workmen's Compensation Com'r*, 156 W.Va. 159, 167, 191 S.E.2d 497, 502 (1972); *Whitt v. State Workmen's Compensation Com'r*, 153 W.Va. 688, 694, 172 S.E.2d 375, 378 (1970).

Code § 23–4–1f to her case.[6] Appellant does not challenge the constitutionality of this statute. Her position is simply that she filed her claim for workers' compensation benefits on August 27, 1991, and the statute in question did not take effect until April 8, 1993. She contends that the statute should not be applied retroactively to defeat her claim for workers' compensation benefits. We note at the outset that W.Va.Code § 2–2–10(bb)(1989) provides that "[a] statute is presumed to be prospective in operation unless expressly made retrospective." We said in syllabus point 1 of *Myers v. Morgantown Health Care Corp.*, 189 W.Va. 647, 434 S.E.2d 7 (1993) that:

> " 'A statute is presumed to operate prospectively unless the intent that it shall operate retroactively is clearly expressed by its terms or is necessarily implied from the language of the statute. Syl. pt. 3, *Shanholtz v. Monongahela Power Co.*, 165 W.Va. 305, 270 S.E.2d 178 (1980). Syl. pt. 2, *State ex rel. Manchin v. Lively*, 170 W.Va. 655 [672], 295 S.E.2d 912 (1982).' Syl. pt. 4, *Arnold v. Turek*, 185 W.Va. 400, 407 S.E.2d 706 (1991).' "

Our review of W.Va.Code § 23–4–1f instructs us that "[t]he statute contains no language from which we could infer that the legislature intended retrospective application[.]"[7] *Shanholtz*, 165 W.Va. at 311, 270 S.E.2d at 183. We noted in *Smith v. State Workmen's Compensation Com'r*, 159 W.Va. 108, 112, 219 S.E.2d 361, 363–364 (1975) that "[t]he statutes governing the rights and duties of the employer and claimant and the powers and responsibilities of the Commissioner are those that were in effect on the date of the injury." Citing, *Pertee v. State Workmen's Compensation Commissioner*, 156 W.Va. 773, 776, 197 S.E.2d 318, 320 (1973); *Ball v. Workmen's Compensation Commissioner*, 156 W.Va. 419, 422, 194 S.E.2d 229, 230 (1973). *See also Gallardo v. Workers' Compensation Com'r*, 179 W.Va. 756, 759 n. 5, 373 S.E.2d 177, 180 n. 5 (1988) ("We have traditionally held that it is the compensation act existing at the time of the injury that gives rise to the claimant's substantive rights."). In syllabus point 1 of *Kosegi v. Pugliese*, 185 W.Va. 384, 407 S.E.2d 388 (1991) we held:

> Workmen's compensation statutes, or amendments of such statutes, which affect merely the procedure may be construed to have a retroactive operation; but any such statute or amendment which affects the substantial rights or obligations of the parties to the contract arising from the employment relationship or which impairs the obligation of such a contract cannot be construed to operate retroactively. Syl. Pt. 3, *Maxwell v. State Compensation Director*, 150 W.Va. 123, 144 S.E.2d 493 (1965), overruled on another point, *Sizemore v. State Workmen's Compensation Comm'r*, 159 W.Va. 100, 219 S.E.2d 912 (1975).

■ Most recently we held in syllabus point 6 of *State ex rel. Blankenship v. Richardson*, 196 W.Va. 726, 474 S.E.2d 906 (1996) that:

> Though a workers' compensation statute, or amendment thereto, may be construed to operate retroactively where mere procedure is involved, such a statute or amendment may not be so construed

---

6. W.Va.Code § 23–4–1f states:
 For the purposes of this chapter, no alleged injury or disease shall be recognized a compensable injury or disease which was solely caused by nonphysical means and which did not result in any physical injury or disease to the person claiming benefits. It is the purpose of this section to clarify that so-called mental-mental claims are not compensable under this chapter.

7. The Appeal Board did not provide any findings to support its legal conclusion that W.Va.Code § 23–4–1f was applicable to this case retroactively. As we discuss in Part D, the Appeal Board was required to set out reasonable findings to explain and justify its application of the statute to this case. Ordinarily we remand an issue that required findings and none were given. *See, Brown v. Gobble*, 196 W.Va. 559, 570, 474 S.E.2d 489, 500 (1996) (" 'If an order lacks adequate detail, the case will be remanded for additional specificity' "), quoting *Burnside v. Burnside*, 194 W.Va. 263, 275, 460 S.E.2d 264, 276 (1995). However, because our review on the issue of retroactivity of the statute is a question of law, that is reviewed de novo, it will not be necessary to remand this issue.

where, to do so, would impair a substantive right.[8]

Appellant argues that *Blankenship* prohibits W.Va.Code § 23–4–1f from being applied retroactively to her case. On the other hand, appellee argues that *Blankenship* does not prohibit application of the statute and that *Blankenship* in fact can be interpreted to promote application of the statute. Appellee's position misinterpreted the facts and law applied in that case.

*Blankenship* involved twenty-two claimants who sought to challenge the constitutionality of numerous amendments to workers' compensation laws that took effect in 1995. We reduced the issues in that case to two. Only one of those two issues have relevancy here: the application of W.Va.Code § 23–4–6(n)(1) to claimant Ullom's request to *re-open* his workers' compensation claim for consideration of permanent total disability.[9] The statute in question raised the standard for qualifying to obtain permanent total disability benefits. The substantive effect of the statute made it impossible for claimant Ullom to qualify for permanent total disability benefits. Ullom qualified to be considered for such benefits under the statute prior to its amendment. The issue of retroactivity of the statute, however, was not claimant Ullom's argument to this Court because he filed to *re-open* his claim *after* the statute's passage and date of enactment. The problem the statute presented to Ullom was that it took effect immediately. We objected to the instantaneous application of the statute and held:

> [W]here a workers' compensation claimant has been previously awarded permanent partial disability benefits that would have entitled the claimant to file for permanent total disability review, legislation that attempts to immediately preclude the claimant's substantive right to seek such review prior to the expiration of the ordinary ninety days provided in W.Va. Const. Art. VI, § 30, violates principles of fundamental fairness embodied in the due process provisions of W.Va. Const. Art. III, § 10.

*Blankenship*, 196 W.Va. at 739, 474 S.E.2d at 919. In reaching our decision on the issue of the instantaneous application of the statute, we merely discussed retroactivity principles and ultimately formulated syllabus point 6 of *Blankenship, supra.*

■ Appellee asserts that the appellant had "an opportunity to assert her claim for benefits," which was rejected by the workers' compensation Commissioner. Therefore, her " 'right' cannot be foreclosed if that 'right' has already been determined not to exist." *Blankenship* disapproved of a statute taking effect immediately where a substantive right is involved. *Blankenship* cannot be interpreted to terminate the rights attendant to a claim already in litigation. "Due process requires ... that one aggrieved by a ruling have the opportunity to protest the ruling." *Smith*, 159 W.Va. at 119, 219 S.E.2d at 367. Our cases support retroactivity of remedial statutes to pending actions when the amendment affects only procedure.[10] *See Loveless v. State Workmen's Comp. Com'r.*, 155 W.Va. 264, 184 S.E.2d 127 (1971), overruled on another point, *Lester v. State Workmen's Comp. Com'r*, 161 W.Va. 299, 242 S.E.2d 443 (1978). In the instant case, the statute affected appellant's substantive right to be considered for workers' compensation benefits, if she obtained a favorable decision in the liti-

---

8. *See Mildred L.M. v. John O.F.*, 192 W.Va. 345, 351 n. 10, 452 S.E.2d 436, 442 n. 10 (1994) ("To determine retroactivity, a court must ascertain the nature of the right involved and must ask whether the right affected by the new legislation is remedial, substantive, or vested. If the right impinged is substantive or vested, it is usually protected from a retroactive application of the statute."). *But see Kosegi v. Pugliese* (prohibiting retroactive application of a workers' compensation statute that was procedural in nature, but affected substantive rights); *Shifflett v. McLaughlin*, 185 W.Va. 395, 407 S.E.2d 399 (1991) (prohibiting retroactive application of a workers'

compensation notice requirement statute that affected substantive rights).

9. The second issue involved this Court's determination that W.Va.Code § 23–4–6(n)(1) did not violate equal protection principles.

10. Statutes which do not create new rights or take away vested or substantive ones are deemed to be remedial and are not within the strict application of the rule of presumption against retroactivity. *Joy v. Chessie Emp. Fed. Credit Union*, 186 W.Va. 118, 411 S.E.2d 261 (1991).

gation.[11] *See Blankenship,* 196 W.Va. at 738, 474 S.E.2d at 918 (where we held that it was a "substantive right to be considered" for workers' compensation benefits).[12] Therefore, we hold that under syllabus point 6 of *Blankenship,* W.Va.Code § 23–4–1f may not be applied retroactively.

### D.

### ADEQUACY OF APPEAL BOARD'S FINDINGS

 The second basis found by the Appeal Board for reversing the OOJ decision in this case, is that the appellant's psychiatric impairment was "not an injury received in the course of or as a result of her employment." The Commissioner offered this legal conclusion in its denial of the appellant's claim. Other than offer this legal conclusion, the order of the Appeal Board does not state any of the findings or facts upon which it

relied to reverse the OOJ's decision. "Without such record findings ... the Court on judicial review is greatly at sea without a chart or compass in making its determination and adjudication as to whether the ... decision is plainly right or clearly wrong." *Workman v. Workmen's Compensation Com'r,* 160 W.Va. 656, 662, 236 S.E.2d 236, 240 (1977). The legislature has provided in W.Va.Code § 23–5–12(c) (1995) that:

> After a review of the case, the board shall sustain the finding of the administrative law judge, in which case it need not make findings of fact or conclusions of law, or enter such order or make such award as the administrative law judge should have made, stating in writing its reasons therefor[.]

This latter statute authorizes the Appeal Board, in effect, to adopt the findings of the OOJ, when it affirms a decision, without having to set out its own findings. However, our

---

11. A second argument made by the appellee is that our pronouncements against retroactivity in *Myers, Smith, Ball,* and *Gallardo* applied "to claims in which a claimant's right to file an application or petition was foreclosed because of a retroactive application of a statutory amendment." Appellee contends that those cases are not applicable because the appellant filed her claim, which was rejected by the Commissioner. "Therefore [she] had no 'vested right' to foreclose." The issue of "right to file a claim" was not relevant, nor a part of any of the cases in question. *Myers* involved an unsuccessful attempt by two plaintiffs to have a procedural amendment to workers' compensation laws, which made it easier to prove discriminatory firing, apply retroactive to the date of firing. We declined to do so because it "would confound reasonable expectations." *Myers,* 189 W.Va. at 649, 434 S.E.2d at 9. In *Smith* and *Ball* the matter of retroactivity was not in dispute nor an issue to be decided in the cases. We cited our general rule against retroactivity in *Smith* and our general rule that the law in place at the time of an injury controls in *Ball.* In *Gallardo* the issue of right to file a claim was not relevant. The employer had made the argument that an amendment to the workers' compensation laws, which prevented compensation for any disability caused by a prior disease, should be applied against the claimant. We stated succinctly and without elaboration that the amendment was not applicable "since it was not in effect on the date of the injury." *Gallardo,* 179 W.Va. at 761, 373 S.E.2d at 182.

A third contention by the appellee is that application of W.Va.Code § 23–4–1f did not impair the appellant's right to file a claim. Therefore, it

can be used to deny her the substantive rights or benefits she sought from filing the claim. In other words, the appellee would have this Court apply our general retroactive rules only where a claimant is denied the right to file a claim. This we refuse to do. A claimant's substantive rights in workers' compensation benefits are not somehow greater at the point of filing a claim, than they are at the point of appealing a denial of that claim.

A fourth argument urged by the appellee is that we should allow retroactivity in this case because the appellant had ample opportunity, prior to the enactment of the statute, to demonstrate "that the original rejection ruling was incorrect." Appellee cites no authority for the proposition that a claimant, as opposed to an employer, has the burden of expediting his or her claim through the workers's compensation system.

12. Additionally, the appellee seeks to argue before this Court issues related to the order of the OOJ (failure to weigh evidence, failure to provide adequate findings, and exceeding its jurisdiction in ordering temporary total disability benefits). These issues were presented to the Appeal Board by the appellee as reasons to reverse the decision of the OOJ, but the Appeal Board's order does not mention the matters. If the Appeal Board's noncompensability conclusion is based on those matters, then on remand its order should adequately so state. We decline the appellee's invitation to decide on the merits its complaints with the OOJ phase of this proceeding. This appeal involves the appellant's objections to the Appeal Board's ruling, not the appellee's objections to the OOJ order.

prior cases required that the Appeal Board issue findings in all of its decisions.[13] The effect of W.Va.Code § 23–5–12(c) is that of merely qualifying our precedent in this area. That is, the statute does not address the issue of an order of the Appeal Board that is inconsistent with the ruling of the OOJ. Therefore, we hold that pursuant to W.Va. Code § 23–5–12(c), when the Appeal Board issues an order that is not an affirmance of a ruling by the OOJ, it must set out adequate findings that support its decision. The order issued by the Appeal Board in the instant case fails to set out any findings with respect to its factual determination that the appellant's psychiatric impairment was not an injury received during the course of or as a result of her employment. We therefore reverse and remand the ruling by the Appeal Board on the issue of noncompensability, with instructions that it issue an order that sets out findings which support its decision on this issue.

■ We also take this opportunity to address a frequent problem area presented to this Court, concerning orders from the Appeal Board that do not affirm rulings by the OOJ. The standard of review by the Appeal Board, when ruling on appeals from the OOJ, is set out in W.Va.Code § 23–5–12(b)(1995), which provides:

[The Appeal Board] shall reverse, vacate or modify the order or decision of the administrative law judge if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative law judge's findings are:

1) In violation of statutory provisions; or

2) In excess of the statutory authority or jurisdiction of the administrative law judge; or

3) Made upon unlawful procedures; or

4) Affected by other error of law; or

5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

We are concerned with the number of cases that come before this Court that indicate a lack of adherence by the Appeal Board to its statutory standard of review. The legislature has seen the need to craft bright lines between rulings by the OOJ and review of those rulings by the Appeal Board. The legislature has determined by its enactment of W.Va.Code § 23–5–12(b) that the Appeal Board, in essence, must accord deference to decisions by the OOJ. The legislature has not instructed the Appeal Board to adopt every decision by the OOJ. However, the legislature has made clear the standard by which the Appeal Board may reverse a decision by the OOJ. The legislature has made it mandatory that the Appeal Board apply the standard of review set out in W.Va.Code § 23–5–12(b). This Court has the authority and constitutional duty to uphold this legislative mandate. Therefore, we hold that when the Appeal Board reviews a ruling from the OOJ it must do so under the standard of review set out in W.Va.Code § 23–5–12(b), and that failure to do so will be reversible error.

### E.

### *CONCLUSION*

It was error for the Appeal Board to retroactively apply W.Va.Code § 23–4–1f to the claim by the appellant in this case. The Appeal Board also committed error in failing to set out findings in support of its reversal of the decision by the OOJ. This case is therefore reversed and remanded to the Ap-

---

**13.** Prior to 1990, the OOJ did not exist. As a result of this fact our cases required that the Appeal Board always make findings. We stated in syllabus point 2 of *Workman*, in part, that, "[w]hen, in its final decision on a workmen's compensation claim, the Board makes no findings of fact, its decision is not in compliance with requirements of law, is plainly wrong, and will be reversed on judicial review."

With the creation of the OOJ by W.Va.Code § 23–5–1g (1990) and the burden placed on the OOJ to issue findings in all of its decisions, the legislature has decided to qualify *Workman*, by exempting the Appeal Board from making its own findings when it affirms a decision of the OOJ.

peal Board for a determination consistent with this opinion.

Reversed and Remanded.