# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 26, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**PEPSI-COLA METROPOLITAN BOTTLING COMPANY, INC.,**
**Employer Below, Petitioner**

**vs.) No. 23-ICA-245**    (JCN: 2022018259)

**MOHAMED A. GOHAR,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pepsi-Cola Metropolitan Bottling Company, Inc., ("Pepsi") appeals the May 8, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Mohamed A. Gohar filed a response.[1] Pepsi did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 7, 2022, Mr. Gohar injured his left shoulder, arm, and left side of his neck, while employed as a merchandiser by Pepsi. On March 21, 2022, Mr. Gohar completed an Employees' and Physicians' Report of Occupational Injury. Mr. Gohar reported that he was lifting and stacking empty pallets at a grocery store when he sustained an injury to his left shoulder, left arm, and left side of the neck. Brandy Huffman, PA-C, completed the physician's section of the form and indicated that Mr. Gohar was first treated for the occupational injury on March 9, 2022. Ms. Huffman diagnosed him with a cervical disc disorder resulting in severe radicular pain and symptoms which occurred on March 7, 2022. Suspecting a possible disc herniation, Ms. Huffman took Mr. Gohar off work until April 15, 2022. An x-ray report dated March 9, 2022, indicated that Mr. Gohar had a clinical history of neck pain, upper extremity pain, and numbness for a few months. Ms. Huffman indicated that Mr. Gohar had been "on NSAIDs for months." She opined that the

---

[1] Pepsi is represented by Jeffrey B. Brannon, Esq. Mr. Gohar is represented by Gregory S. Prudich, Esq.

imaging revealed no displaced or depressed fractures, and the discs were of normal thickness, but a few osteophytes were noted and were most pronounced at C6-C7.

Mr. Gohar returned to see Ms. Huffman on March 14, 2022, and March 22, 2022. Ms. Huffman diagnosed Mr. Gohar with cervicalgia with radicular symptoms and noted his limited cervical and left arm range of motion. Ms. Huffman indicated that a left shoulder x-ray revealed tendinitis. Ms. Huffman stated that Mr. Gohar had some left shoulder pain for months before the event on March 7, 2022, but the pain was not severe until after the injury.

On March 25, 2022, Mr. Gohar underwent an MRI of his cervical spine, revealing a straightening of cervical lordosis, which could be positional or from muscle spasm, and bulging disc at C4-C5, C5-C6, and C6-C7. Between March 25, 2022, and June 30, 2022, Mr. Gohar underwent physical therapy.

The claim administrator issued an order dated April 4, 2022, rejecting the claim on the basis that it determined Mr. Gohar did not suffer a compensable work injury. No basis for this determination was provided. Mr. Gohar protested the denial of his claim. Mr. Gohar was seen by Ms. Huffman on April 27, 2022, and May 18, 2022. Ms. Huffman noted that he had not returned to work. Ms. Huffman also noted that Mr. Gohar was seen by a neurosurgeon and was not a candidate for surgery.

On June 16, 2022, Mr. Gohar was deposed. He testified that on March 7, 2022, he was stacking pallets, weighing thirty to forty pounds, when he felt a hot rush come from behind his left ear through his left side, left shoulder, and upper arm. Mr. Gohar stated that he completed his shift because he believed that he had just pulled a muscle. He testified that the next day he felt numbness from his left elbow to his fingers with pain under his armpit on the left side going through the front of his shoulder to the back. Mr. Gohar denied experiencing any similar symptoms previously. When asked to explain a medical report that indicated he had suffered similar issues for months prior to the injury, Mr. Gohar stated that Ms. Huffman must have misunderstood what he told her. Mr. Gohar testified that he did not recall telling Ms. Huffman that his symptoms began months prior and denied taking NSAIDs for months.

In a deposition taken on November 29, 2022, Ms. Huffman testified that her medical records showed that Mr. Gohar was seen for neck and shoulder pain in February and March of 2019. Medical records, she noted, showed that Mr. Gohar reported episodes of shoulder or neck pain through October 2021. However, he was not seen again until March 2022. Ms. Huffman testified that the "hot rush" Mr. Gohar said he felt in his left shoulder/arm on the date of the injury suggested to her that he suffered an acute injury. On July 12, 2022, Jonathan Luchs, M.D., performed an age of injury analysis and concluded that the MRI of the cervical spine revealed chronic degenerative disc disease and other chronic conditions.

2

On May 8, 2023, the Board issued an order reversing the claim administrator's order which rejected this claim. The Board found that Mr. Gohar had established that he sustained a discrete new injury rather than an aggravation of his preexisting injuries. Pepsi now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Pepsi argues that the evidence establishes that Mr. Gohar was symptomatic for several months prior to the injury and complained of similar symptoms after the alleged injury. Pepsi further argues that Mr. Gohar did not suffer a discrete new injury as required under *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016); but instead, that his symptoms are related to a preexisting condition. We disagree.

In *Gill*, the Supreme Court of Appeals of West Virginia held:

> "[a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable."

*Id.* at 738, 783 S.E.2d at 858, syl. pt. 3.

3

In *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), the Supreme Court clarified its position, holding, "[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." *Moore* at __, 879 S.E.2d at 781, syl. pt. 5.

Here, the Board acknowledged evidence of prior symptoms and it performed an analysis under *Gill*, *Moore*, and *Blackhawk Mining, LLC v. Argabright*, No. 22-ICA-262, __ W. Va. __, __, __S.E.2d __, __, 2023 WL 3167476 (Ct. App. May 1, 2023). As a result of its analysis, the Board determined that Mr. Gohar experienced a discrete new injury and "new symptoms which appeared and continuously manifested" as a result of the work injury on March 7, 2022. A causal relationship was found between Mr. Gohar's activity of moving pallets at work and the injury. However, the Board remanded the claim to the claim administrator for additional development regarding the compensable diagnosis in the claim.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Gohar suffered a discrete new injury. Further, the Board was not clearly wrong in holding the claim compensable and remanding the claim back to the claim administrator for a determination of compensable conditions and temporary total disability.

Our review is deferential to the Board. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the Office of Judges per West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated that the Board was required to accord deference to the decisions by the Office of Judges. *See Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997).

Further, we defer to the Board's determinations of credibility. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

Accordingly, we affirm the Board's May 8, 2023, order.

Affirmed.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen