## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Irene Martin,**
**Claimant Below, Petitioner**

**v.)**     **No. 23-115**     **(**Appeal No. 22-ICA-80)
                                (JCN: 2021007717)

**Wal-Mart Associates, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Irene Martin appeals the January 10, 2023, decision of the West Virginia Intermediate Court of Appeals ("ICA") affirming the July 25, 2022, decision of the Workers' Compensation Board of Review ("Board of Review"). The Board of Review adopted the findings of fact and conclusions of law set forth in the March 7, 2022, order of the Worker's Compensation Office of Judges ("Office of Judges").[1] In its order, the Office of Judges affirmed the claim administrator's decisions, dated May 13, 2021, and October 8, 2021, which (1) closed the claim for temporary total disability benefits, and (2) denied the addition of a lumbar sprain as a compensable condition. Respondent Wal-Mart Associates, Inc. filed a timely response.[2] The issues on appeal are the closure of the claim for temporary total disability benefits and the denial of the additional diagnosis. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

---

[1] The Board of Review decided the appeal of an order entered by the Office of Judges on March 7, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022.)

[2] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Aimee M. Stern.

In October 2020, the petitioner suffered an injury when she fell at her employment while stocking shelves. The claim administrator held the claim compensable for fractures at T11-T12 and the sacrum. In March 2021, the petitioner underwent kyphoplasty for a T12 vertebral compression fracture performed by Gordon Holen, D.O. At her March 23, 2021, follow-up appointment, the petitioner reported that the operation provided her some relief, but that she continued to experience pain when standing and walking. Dr. Holen administered a lumbar trigger point injection and prescribed physical therapy and Zanaflex due to the petitioner's complaints of continued pain. Dr. Holen instructed the petitioner to call his office within the next week if her pain did not improve, and he would order an MRI at that time. Dr. Holen also wanted the petitioner to follow up with him again in four weeks and undergo updated x-rays.

The petitioner returned to Dr. Holen on April 13, 2021, and underwent x-rays, which showed a stable T12 kyphoplasty, dextroscoliosis, and stable degenerative disc disease with spondylosis. The petitioner reported that she continued to have pain while standing and walking and felt that she was unable to return to work. While Dr. Holen noted tenderness to light palpation to the petitioner's lower lumbar paraspinals, Dr. Holen found that the petitioner was "very disability[-]oriented." Dr. Holen explained that the petitioner made only a "limited effort" to participate in physical therapy, did not pick up the Zanaflex prescription, and did not call to have an MRI scheduled despite her reports of continuing pain. Dr. Holen concluded that the petitioner achieved maximum medical improvement and could return to work without restrictions. After Dr. Holen's release of the petitioner to return to work, the claim administrator closed the claim for temporary total disability benefits in its May 13, 2021, order.

The petitioner was seen for an independent medical evaluation by Prasadarao B. Mukkamala, M.D., on June 2, 2021. Like Dr. Holen, Dr. Mukkamala determined that the petitioner reached maximum medical improvement and did not require further treatment. Dr. Mukkamala noted that the petitioner participated in physical therapy for one month and quit her employment with the respondent after attempting to return to work because she "could not tolerate" doing the job. Dr. Mukkamala found that the petitioner's complaints of pain were inconsistent with his objective findings and that her symptoms were "mostly" due to preexisting degenerative spondyloarthropathy.[3] Dr. Mukkamala noted that the petitioner "is not planning on returning to work."

The petitioner began treating with Amanda Davis, PA-C, who, in August 2021, submitted a diagnosis update requesting that a lumbar sprain be added to the claim because the compensable injury caused the petitioner to suffer low back and pelvic pain that was not previously addressed. Ms. Davis intended to seek authorization for an MRI of the lumbar spine. However, in September 2021, Dr. Mukkamala issued a supplemental report disagreeing with Ms. Davis's assessment and reiterating his finding that petitioner was at maximum medical improvement. Dr. Mukkamala attributed the lower back pain to the fractures at T11-T12 and the sacrum, which were the conditions included in the claim. Dr. Mukkamala also explained that the physical therapy was

---

[3] Dr. Mukkamala attributed 7% whole person impairment to the compensable injury. However, permanent partial disability is not at issue in this appeal.

prescribed to address the lower back pain, "but the petitioner for whatever reason could not tolerate the physical therapy[.]" Accordingly, the claim administrator denied the addition of a lumbar sprain as a compensable condition in its October 8, 2021, order.

In November 2021, the petitioner testified that she was seventy-three years old and worked for the respondent for a total of thirteen years. The petitioner stated that the compensable injury caused her to yell, "Oh, my back; oh, my back." The petitioner testified that her surgery with Dr. Holen did not relieve her pain and that he "just forgot about" her following the operation. The petitioner stated that, before she tried to go back to work, Dr. Holen would not prescribe pain medication. The petitioner testified that she went to physical therapy for a month and a half, but that it did not relieve her pain either. The petitioner stated that she wanted to obtain a second opinion from Ms. Davis to determine "if there was something wrong with the tailbone" as her back was still hurting even though it had been "fixed." The petitioner testified that she did not injure her lumbar spine at any time after the compensable injury occurred. In December 2021, Ms. Davis wrote a letter and opined that a lumbar MRI was medically necessary due to the petitioner's continued complaints of low back pain since the compensable injury.

In its March 7, 2022, order, the Office of Judges affirmed the claim administrator's closure of the claim for temporary total disability benefits and denial of an additional compensable diagnosis. The Office of Judges noted that both Drs. Holen and Mukkamala found the petitioner at maximum medical improvement and that Ms. Davis did not submit the diagnosis update, which asked for a lumbar sprain to be added to the claim, until approximately nine months after the compensable injury occurred. *See* W. Va. Code R. § 85-20-37.5 (providing that the estimated duration of care for a lumbar sprain is "not to exceed 8 weeks"). Therefore, regarding the alleged compensable lumbar sprain, the Office of Judges found that the opinion of Dr. Mukkamala, a physician, "outweigh[ed]" Ms. Davis's opinion. In *Martin v. Wal-Mart Associates, Inc.*, No. 22-ICA-80, 2023 WL 152396 (W. Va. Ct. App. Jan. 10, 2023), the ICA affirmed the Board of Review's decision to uphold the Office of Judges' order, finding that the Office of Judges properly weighed the evidence in this case "in its role as factfinder." *Id.* at *4.

This Court reviews questions of law de novo, while we accord deference to the lower tribunal's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). Pursuant to West Virginia Code § 23-4-7a(e), temporary total disability benefits cease when a claimant reaches maximum medical improvement, returns to work, or receives a release to return to work, whichever occurs first. "In order for a claim to be held compensable under the [Workers'] Compensation Act[, West Virginia Code §§ 23-1-1 to 23-6-3], three elements must coexist: (1) a personal injury (2) received in the course of employment [a]nd (3) resulting from that employment." Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970).

The petitioner argues that the record reflects that she sustained a lumbar sprain as a result of her compensable injury and that she should continue to receive temporary total disability benefits while her lumbar symptoms are fully addressed. The respondent counters that the ICA did not err in affirming the lower tribunals' orders. We agree with the respondent.

3

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995); *see Conley v. Worker's Comp. Div.*, 199 W. Va. 196, 199, 483 S.E.2d 542, 545 (1997) (noting that, while legal determinations are reviewed de novo, the "clearly wrong" and "plainly wrong" standards of review apply to evidentiary findings to which deference is given if supported by substantial evidence). As noted by the ICA, the Office of Judges functioned as the finder of fact in this case, and based upon our review of the record, we have no cause to disturb the Office of Judges' findings. Therefore, we affirm the ICA's decision upholding the Board of Review's decision, which adopted the Office of Judges' findings.[4]

Affirmed.

**ISSUED: August 1, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[4] The Board of Review corrected certain minor errors in the Office of Judges' decision not relevant to this appeal.

4