664 S.E.2d 776

**SWVA, INC., Employer Below, Petitioner**

v.

**WEST VIRGINIA OFFICE INSURANCE COMMISSION and Elmer Adkins, Jr., Claimants Below, Respondents.**

**No. 33708.**

Supreme Court of Appeals of West Virginia.

Submitted April 2, 2008.

Decided June 26, 2008.

H. Toney Stroud, Morgan Palmer Griffith, Steptoe & Johnson PLLC, Charleston, WV, for the Petitioner.

Thomas P. Maroney, Edwin H. Pancake, Maroney, Williams, Weaver & Pancake, Charleston, WV, for the Respondent.

PER CURIAM.

This is an appeal by SWVA, Inc. (hereinafter "Appellant"), from a decision of the Workers' Compensation Board of Review (hereinafter "BOR") which authorized digital hearing aids for Mr. Elmer Adkins, Jr., a workers' compensation claimant employed by the Appellant. The Appellant contends that the BOR ruling is plainly wrong in view of reliable evidence and requests reversal by this Court. Specifically, the Appellant maintains that the evidence fails to establish that digital hearing aids are reasonably required in the treatment of Mr. Adkins. Subsequent to through review of the record, arguments of counsel, briefs, and applicable precedent, this Court affirms the decision of the BOR.

I.   Factual and Procedural History

Mr. Adkins filed a claim for hearing loss on May 29, 2003, reporting hearing loss caused by exposure to noise in a steel pro-

duction plant. Mr. Adkins' claim was held compensable in September 2003, and authorization for standard binaural hearing aids was granted. By letter dated October 9, 2003, Dr. Charles Abraham indicated that Mr. Adkins would benefit from digital hearing aids due to the nature of his hearing loss.

On January 20, 2005, the Office of Judges denied authorization for digital hearing aids, finding that Dr. Abraham had failed to adequately explain the basis for his conclusion that standard hearing aids were insufficient to address Mr. Adkins' hearing loss. On April 7, 2006, the BOR reversed that finding, reasoning that Dr. Abraham's explanation had been sufficient to justify digital hearing aids and that the Office of Judges had impermissibly substituted its judgment for that of the physician. On the basis of the BOR ruling, digital hearing aids were authorized for Mr. Adkins.

On appeal to this Court, the Appellant employer asserts that the BOR erred in granting authorization for digital hearing aids. The Appellant contends that even if digital aids are generally superior to standard hearing aids, there is no requirement that a claimant must be supplied with the best available technology. The salient question, the Appellant argues, is medical justification.

## II. Standard of Review

In syllabus point one of *Conley v. Workers' Compensation Division,* 199 W.Va. 196, 483 S.E.2d 542 (1997), this Court held that it "will not reverse a finding of fact made by the Work[ers'] Compensation [Board of Review] unless it appears from the proof upon which the [Board of Review] acted that the finding is plainly wrong." (Citations omitted.) This Court also explained as follows in *Conley:* "Moreover, the plainly wrong standard of review is a deferential one, which presumes an administrative tribunal's actions are valid as long as the decision is supported by substantial evidence." *Id.* at 199, 483 S.E.2d at 545. With regard to issues of law, this Court has consistently explained as follows: "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of

review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). Further, this Court observes the legislature's abolishment of the rule of liberality in July 2003. *See* W.Va.Code § 23-4-1g (2003) (providing for weighing of evidence based upon the preponderance of the evidence as supportive of the "chosen manner of resolution").

## III. Discussion

Pursuant to West Virginia Code § 23-4-3(a)(*l* ) (1995) (Repl. Vol. 2002), in effect at the time of the filing of this claim, the Workers' Compensation Commission is to provide reasonably required medical treatment. In the present case, we encounter the question of what type of hearing aid would be appropriate to treat the claimant's unique hearing loss. The establishment of medical necessity for hearing aids was submitted in the form of the October 9, 2003, letter from Dr. Abraham, as treating physician for Mr. Adkins. Dr. Abraham specified that the claimant's hearing loss could most effectively be addressed through the use of a digital hearing aid. Dr. Abraham explained that Mr. Adkins' "lower frequencies are essentially normal with a sloping sensorineural hearing loss in the mid frequencies with upward slope in the higher frequencies." Dr. Abraham further stated that "[t]his odd configuration could best be fit with digital" hearing aids.

In response, the Appellant contends that there is no evidence that a conventional hearing aid would not suffice. Additionally, the Appellant asserts that the unique configuration of Mr. Adkins' hearing loss was not exclusively induced by occupational hearing loss and that at least a portion of the hearing loss is due to a nonoccupational component. Consequently, the Appellant asserts that digital hearing aids should not be authorized to treat a hearing loss configuration which was not caused entirely by noise-induced hearing loss suffered in the course of employment.

In evaluating the competing contentions, the BOR found that "the only medical evidence of record demonstrated the claimant should be authorized digital hearing aids based upon his four frequency totals." The BOR concluded that "Dr. Abraham's report

is sufficient evidence to demonstrate that the digital hearing aids are reasonably required."

■ As explained in *Conley,* this Court will not reverse a finding of the BOR unless such finding is plainly wrong. Further, as *Conley* instructs, this Court must presume that the BOR's actions are valid if supported by substantial evidence. 199 W.Va. at 199, 483 S.E.2d at 545. Upon review of the un-contradicted medical opinion of Dr. Abraham, we find that the evidence supports the conclusion of the BOR.[1] We therefore affirm that decision.

Affirmed.

Justice STARCHER concurs and reserves the right to file a concurring opinion.

STARCHER, J., concurring. ·

I concur with the conclusion reached in the majority opinion in this appeal. I write separately to express my understanding of the basis for affirming the Board of Review in this matter.

This Court has, on several occasions, extensively addressed the issue of workers' compensation hearing loss claims. In *Bilbrey v. Workers' Compensation Commissioner,* 186 W.Va. 319, 412 S.E.2d 513 (1991), we found that there had been "little or no consistency in the manner in which the Commissioner grants permanent partial disability awards for noise-induced hearing impairment or in the tests that are required in order to determine what percentage of loss is actually due to noise." *Id.* at 323, 412 S.E.2d at 517. This Court again addressed the issue of hearing loss in *Blackburn v. Workers' Compensation Division,* 212 W.Va. 838, 575 S.E.2d 597 (2002), where we examined the practice of automatically basing a disability award on the audiogram demonstrating the lowest level of hearing loss when there were discrepancies between audiograms. In *Blackburn* we concluded that additional rules needed to be promulgated on the issue and we established temporary guidelines for selecting which audiogram to use as a basis for permanent partial disability awards when two valid audiograms differed by a significant margin. *Id.* at 851, 575 S.E.2d at 610.

Neither *Bilbrey* nor *Blackburn,* however, addressed the precise issue of the type of hearing aid to which a claimant is entitled. While a determination of compensability and an impairment rating must include a distinction between job related noise-induced hearing loss and conductive loss, the ultimate goal of a hearing aid must be the most effective restoration of the claimant's hearing capacity. When attempting to correct hearing loss through the use of a hearing aid, it is virtually impossible to provide a hearing aid that addresses only the noise-induced component of the overall hearing loss. The exercise of such an effort is senseless and wasteful—why pay for something that is not going to work? Therefore, it is reasonable to conclude that where a portion of the hearing loss is noise-induced, the claimant is entitled to the hearing aid which most effectively restores the claimant's hearing as completely as possible to full capacity.

The majority properly has found that the appellee suffered noise-induced hearing loss as a result of his employment and that the appellee was entitled to a hearing aid that most fully restored the appellee's hearing to full capacity. This entitlement exists notwithstanding that the appellee's hearing loss was the result of a combination of causes—both employment related and non-employment related.

---

1. The Appellant references West Virginia 85 CSR § 20–47 (2004) and recognizes that such regulation does not apply to this case since Mr. Adkins filed his claim and a compensability finding was entered prior to the effective date of the regulation. Because the regulation is not properly before this Court, we express no judgment regarding the regulation.