IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**November 15, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BAYER CORPORATION,**
**Employer Below, Petitioner**

**vs.)     No. 22-ICA-21        (JCN: 2019010123)**

**CHARLES VIRDEN, DECEDENT,**
**MARY KAY VIRDEN, DEPENDENT**
**Claimant Below, Respondent**


### MEMORANDUM DECISION

Petitioner Bayer Corporation ("Bayer") appeals the July 25, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Mary Kay Virden filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in reversing the claim administrator's order rejecting Mrs. Virden's claim for dependents' death benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' briefs, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order granting Mrs. Virden's application for fatal dependents' benefits is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mrs. Virden filed a claim for dependents' death benefits after her husband died on November 4, 2017, from acute myeloid leukemia ("AML"). In her claim, she alleged a causal connection between Mr. Virden's occupational exposure to benzene and his AML diagnosis. Mr. Virden worked for Bayer (and its predecessor) from 1963 until 1983 as a quality control lab analyst/technician and as a supervisor until he retired in 2001. By order dated January 29, 2019, the claim administrator denied the claim on the basis that the medical information failed to establish a causal connection between Mr. Virden's employment and his AML diagnosis. Mrs. Virden protested the denial to the Workers' Compensation Office of Judges ("Office of Judges").

The Office of Judges issued a decision on May 28, 2021, affirming the denial of the claim. The decision stated that the weight of the evidence established that Mr. Virden died

---

[1] Petitioner is represented by Kristy L. Eiter, Esq. Respondent is represented by R. Dean Hartley, Esq.

as a result of AML, that benzene exposure is capable of causing AML, and that Mr. Virden was exposed to benzene as a result of his employment. However, the Office of Judges found that the latency[2] period in this case was inconsistent with the findings of the only scientific study of record[3] concerning the latency period for benzene-induced AML. Based on the study, the Office of Judges concluded that Mr. Virden's AML diagnosis was not causally related to his occupational exposure.

Mrs. Virden appealed the Office of Judges' decision to the Board, and she moved for a remand of the claim for the development of further evidence. The Board granted the motion. Following the remand, the newly constituted Board had jurisdiction over the claim.[4] The Board noted the record now contained multiple studies regarding the latency period for benzene-induced AML. After reviewing the additional studies, the Board concluded that the latency period for the disease "varies widely and is not limited to a 10-year period from first exposure to diagnosis." In evaluating the expert reports in the record, the Board did not find cause to discredit any of them. While some flaws were noted in the reports of each party, the Board did not identify errors that rendered any reports unreliable. Rather, the Board observed that both parties produced a panel of equally credentialed experts with impressive experience and expertise. Based upon the expert reports, the Board concluded that the latency period in the instant case neither supported nor refuted a finding that Mr. Virden's AML was caused by benzene exposure.

Relying on West Virginia Code § 23-4-1g(a) (2003), the Board found "an equal amount of evidentiary weight exists favoring conflicting matters for resolution" in the claim.[5] Thus, the Board held that Mr. Virden's AML diagnosis was causally related to his

---

[2] The latency period is the lag time between the first occupational exposure to benzene and the diagnosis of AML.

[3] Martha S. Linet et al., *Benzene Exposure Response and Risk of Myeloid Neoplasms in Chinese Workers: A Multicenter Case-Cohort Study*, 111 J. Nat'l Cancer Inst. 465, 467-73 (2019).

[4] In 2021, legislative enactments transferred the powers and duties of the Office of Administrative Law Judges to the Workers' Compensation Board of Review, effective July 1, 2022. *See* West Virginia Code §23-5-8a (2022).

[5] West Virginia Code § 23-4-1g(a) provides, in part, that: "[u]nder no circumstances will an issue be resolved by allowing certain evidence to be dispositive simply because it is reliable and is most favorable to a party's interests or position. If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted." *Id.*

occupational exposure to benzene, reversed the claim administrator's order dated January 29, 2019, and awarded dependents' benefits.

Bayer appeals the Board's order to this Court. Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), which states, in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

According to Bayer, Mrs. Virden's expert, Dr. Richard Petty, who formulated Mr. Virden's exposure assessment, relied upon data that was inconsistent with the available literature and not representative of the exposure period here. Bayer argues that Mrs. Virden's other experts relied upon Dr. Petty's exposure assessment, thus, their conclusions were also flawed. On the other hand, Bayer argues that its very experienced experts relied on OSHA testing and sampling data, deposition testimony, and other records from the plant to determine Mr. Virden's exposure.

Bayer argues that the Board erred in concluding its experts grossly underestimated Mr. Virden's exposure. It also asserts that the Board erred by affording too much weight to the analysis provided by Mrs. Virden's experts. Thus, Bayer contends that the evidence submitted was not equal, and the Board erred in accepting any expert opinion that concluded a latency period for developing AML from benzene exposure was longer than ten to fifteen years. Bayer maintains that the opinions of its experts were more substantive and did not support compensability.[6]

---

[6] We note that petitioner's brief does not cite the record. For future filings before the Intermediate Court of Appeals, petitioner is reminded of the requirement to cite to the appendix record per Rules 10 and 12 of the Rules of Appellate Procedure.

In response, Mrs. Virden notes that the Board agreed with all of the Office of Judges' previous findings except for those about the latency period. Instead, the Board found that the evidence showed that the latency period for benzene-induced AML can vary widely, and there was an equal amount of weight existing for each side. Mrs. Virden argues that the Board was not clearly wrong and it followed the statutory mandates. Further, Mrs. Virden argues the Board's order was entitled to deference by this Court.

After review, we find no error. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the Office of Judges under West Virginia Code § 23-5-12, before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated that the Board was required to accord deference to the decisions by the Office of Judges. *Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997). Thus, similarly, this Court is required to give deference to the Board when reviewing the Board's orders.

In giving said deference to the Board's decision and considering the facts of this case, we find the Board was not clearly wrong in concluding that Mr. Virden's AML diagnosis was causally related to his occupational exposure to benzene and reversing the claim administrator's order dated January 29, 2019. Here, the Board properly weighed the evidence in accordance with West Virginia Code § 23-4-1g. In *Williams v. Performance Coal Co.,* No. 15-0288, 2016 WL 765751 (Feb. 26, 2016) (memorandum decision), the Supreme Court of Appeals of West Virginia applied this code section and found the Office of Judges erred (and the Board of Review erred by affirming) when it utilized portions of six medical evaluation reports to recalculate a claimant's impairment. Because the Office of Judges did not "explicitly discredit" any of the evaluation reports, the Court held that "all of the reports are entitled to equal evidentiary weight" pursuant to West Virginia Code § 23-4-1g. *Id*. at *3. Thus, the Court determined that the statute required the dispute to be resolved by adopting "the recommendation most consistent with [the claimant's] position." *Id.*

The present case, where multiple reports are of record and none are explicitly discredited, is similar to *Williams*. Here, we find no error in the Board's determination that all of the expert reports were entitled to equal evidentiary weight and, accordingly, the application of West Virginia Code § 23-4-1g was proper.[7]

---

[7]While we affirm in the present case, we caution the Board that before finding that an "equal amount of evidentiary weight" exists for both sides, as permitted by West Virginia Code § 23-4-1g, whenever possible it should use any and all available judicial tools, including hearings, to attempt to make a determination whether the evidence for one

4

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 15, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

side is more persuasive. Reliance on the "equal weight" provision should be a rarity in these claims, even in light of the discussion in *Williams,* 2016 WL 765751.