# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**PALMER HALL,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-68**          (JCN: 2020022288)

**SOUTHEASTERN LAND, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Palmer Hall appeals the order of the Workers' Compensation Board of Review ("Board") dated August 1, 2022, that affirmed the claim administrator's orders denying a request to add bilateral knee contusions and strains as compensable conditions in the claim, denying treatment for a knee fracture, denying a lumbosacral injection, and denying an MRI of the right knee.[1] Respondent Southeastern Land, LLC, ("Southeastern") filed a timely response.[2] Mr. Hall did not file a reply brief.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hall, an underground coal miner, suffered an injury on March 30, 2020, when large rocks were thrown from a machine. One large rock, weighing about 250 pounds, landed on his legs. Mr. Hall was transported to the Pikeville Medical Center where x-rays revealed a comminuted fracture at the mid-tibia and a minimally displaced fracture of the proximal fibula on the right leg. X-rays of his right knee revealed some suprapatellar joint effusion but no fracture or subluxation. A lumbar spine CT, revealing mild, multilevel spondylitic, and degenerative changes but no fracture, was also performed due to back pain. Anbu Nadar, M.D., who diagnosed Mr. Hall with fractures of the right tibia and fibula, a cervical strain, and a lumbosacral strain, performed intramedullary nailing to repair the

---

[1] The order also affirmed the claim administrator's denial of a medication, but Mr. Hall did not assign error to this ruling, and it will not be addressed in this decision.

[2] Petitioner is represented by Patrick K. Maroney, Esq. Respondent is represented by Maureen Kowalski, Esq.

1

tibial fracture. By order dated April 1, 2020, the claim administrator held the claim compensable for "right leg including the Tibia/Fibula Fracture."

At a visit with Dr. Nadar on September 16, 2020, Mr. Hall reported low back pain, and a steroid injection was administered in the lumbosacral area. Dr. Nadar completed a Diagnosis Update form on December 29, 2020, in which he listed the primary diagnoses as fractures of the right tibia and fibula. He listed the following as secondary conditions: a cervical strain with radiculopathy, a lumbar strain with radiculopathy, and contusion and strain of both knees. The Diagnosis Update form contains a space for the treatment provider to specify the clinical findings supporting the diagnoses and to advise how the conditions are related to the compensable injury. In this space, Dr. Nadar merely wrote, "review medical records" and he did not provide any clinical findings to support his diagnoses.

The claim administrator issued an order dated January 14, 2021, adding cervical strain and lumbar strain as compensable conditions. A second claim administrator's order, also dated January 14, 2021, denied the compensability of bilateral knee strains and contusions, stating that Mr. Hall did not sustain injuries to his knees in the course of and as a result of his employment. Mr. Hall protested this order to the Board.

In an order dated February 24, 2021, the claim administrator denied treatment requested by Dr. Nadar for a knee fracture. The order stated that the treatment requested was denied because it was not medically necessary nor reasonably required to treat the injury. The request by Dr. Nadar was not submitted into evidence below so it is not possible to know what specific treatment was requested. Mr. Hall protested this order to the Board.

A claim administrator's order dated May 4, 2021, denied an authorization request for a lumbosacral injection on the basis that it was not medically necessary nor reasonably required to treat the compensable condition. The order also indicated that on August 21, 2020, Joseph Grady, M.D. found that Mr. Hall had preexisting degenerative changes in his spine. Mr. Hall protested this order to the Board.

Mr. Hall testified at a deposition on February 24, 2021, that the 250-pound rock that struck him on March 30, 2020, knocked him down and pinned him to the ground when it landed across his knees. He contended that since the injury, his right knee sometimes goes out and his left knee hurts when he walks far. He admitted that a year or two before the injury, Dr. Goble prescribed medication for knee swelling.

Mr. Hall testified at another deposition on June 14, 2021, that he underwent another surgery with bone grafting performed by Dr. Nadar on March 11, 2021, to address the nonunion of the fibula fracture. In his deposition, Mr. Hall also contended that he did not have low back symptoms until he suffered the injury in the claim.

Southeastern referred Mr. Hall to Marsha Bailey, M.D., for an independent medical evaluation that was performed on June 17, 2021. Dr. Bailey determined that Mr. Hall's bilateral knee pain was unrelated to the work injury and that the medical evidence did not support a finding of knee contusions, strains, or other knee injuries. In particular, Dr. Bailey observed that Mr. Hall was treated in 2019 for bilateral knee complaints and that x-rays after the injury revealed osteoarthritis in the right knee. Additionally, Dr. Bailey observed that the initial medical reports after the injury did not indicate that Mr. Hall suffered a knee injury, strain, or twisting. Finally, she noted that a CT revealed degenerative spine disease. She placed Mr. Hall at maximum medical improvement and assigned a 5% whole person impairment to the compensable conditions.

On June 17, 2021, the claim administrator issued an order denying Dr. Nadar's request for an MRI of the right knee, stating that it was not medically necessary nor reasonably required to treat the compensable condition. Mr. Hall protested this order to the Board.

On June 28, 2021, Mr. Hall underwent the MRI, which according to his deposition testimony on August 3, 2021, was covered by his health insurance. The MRI revealed a medial meniscus tear and mild degenerative changes. In November 2021, Dr. Nadar surgically repaired a complex meniscus tear in the left knee, and in February 2022, he performed a similar surgery on the right knee, noting in his operative report that there was a degenerative meniscus tear and chondromalacia in the knee. The surgeries were not covered in the claim.

By order dated August 1, 2022, the Board affirmed the claim administrator's orders denying compensability of bilateral knee contusions and strains, denying treatment for a knee fracture, denying a lumbosacral injection, and denying a right knee MRI. The Board found that Dr. Nadar failed to identify medical records to support his request to add bilateral knee contusions and strains. Noting that Dr. Bailey found Mr. Hall was treated for bilateral knee pain before the date of the injury, the Board determined that the evidence did not support a finding that Mr. Hall suffered a knee injury in the work accident. Thus, the Board also affirmed the denial of the right knee MRI and treatment for a knee fracture. Further, the Board determined that the lumbosacral injection was properly denied because a lumbar strain is expected to heal no later than eight weeks according to West Virginia Code of State Rules § 85-20-37.5 (2006).[3] The Board also noted that the CT of Mr. Hall's lumbar spine revealed spondylitis, and that he did not provide credible evidence showing his injury

---

[3] The Board's findings of fact lacked supportive details about the claim administrator orders such as which doctor made the request at issue, when the request was made, and the basis given (if any) by the claim administrator for the denial. More details would add clarity and assist in this Court's review of the issues.

is an "extraordinary case" in which the normal guidelines in Rule 20 may be extended. It is from the Board's order that Mr. Hall now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Hall contends that the Board incorrectly concluded that he did not suffer contusions and strains to his knees at the time of the compensable injury. Asserting that the conditions were not preexisting, Mr. Hall notes that the medical treatment he required after the injury was beyond the previous treatment provided by Dr. Goble. Additionally, Mr. Hall notes that the MRIs revealed meniscal tears in both knees, and he argues that Dr. Bailey failed to consider the fast-twisting motion that occurred at the time of the injury when he attempted to avoid being hit by the rock. In addition, Mr. Hall asserts that the Board failed to weigh the evidence showing he had no prior low back treatment, yet after the injury, he experienced chronic back pain affecting his activities of daily living. Mr. Hall also argues that the Board should have found that his back problems resulted from being knocked down by a 250-pound rock and that the lumbosacral injections should have been authorized.

After review, we affirm the Board's order. Although we may have ruled differently on the compensability of the knee contusions and strains and the request for a right knee MRI, to reverse the Board's order, we must find that the Board committed one of the six reversible errors set forth above. "[A] reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the [lower tribunal's] account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 5, *W. Va. State Police v. Walker*, 246 W. Va. 77, 866 S.E.2d 142 (2021), citing Syl. Pt. 1, in part, *In Re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Further, our review is deferential to the Board. West Virginia Code § 23-5-12a(b) sets forth the same

standard of review as was previously required of the Board when it reviewed decisions by the Office of Judges per West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated that the Board was required to accord deference to the decisions by the Office of Judges. *See Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997). Based on the evidence of record, the Board's determination regarding the compensability of knee contusions and strains and the knee MRI is plausible. Therefore, we do not find that the Board erred in affirming the denial of knee contusions and sprains and denying an MRI of the right knee.

Similarly, we do not find that the Board erred in affirming the denial of unspecified treatment for a knee fracture, as no knee fracture was diagnosed nor ruled compensable.[4] Finally, we do not find that the Board erred in affirming the denial of lumbosacral injections on the basis that Mr. Hall failed to provide credible evidence why his treatment should be allowed to exceed the duration of care for a lumbar sprain pursuant to the West Virginia Code of State Rules § 85-20-37.5.

Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[4] The discussion section of the Board's order mistakenly indicated that Mr. Hall requested that a knee fracture be ruled compensable. However, Mr. Hall's protest and appeal only involve the denial of an unspecified treatment for a knee fracture and compensability was not requested for this condition.