IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TAMMY Y. DANIEL,**
**Claimant Below, Petitioner**

**vs.)    No. 22-ICA-291    (JCN: 2020021356)**

**FEDEX GROUND PACKAGE SYSTEM, INC.,**
**Employer Below, Respondent**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tammy Y. Daniel appeals the November 9, 2022, order of the Workers' Compensation Board of Review ("Board") affirming the claim administrator's denial of certain medical treatment. Ms. Daniel's employer, Respondent FedEx Ground Package System, Inc. ("FedEx"), filed a timely response.[1] Ms. Daniel did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order denying approval of Ms. Daniel's C5-C6 anterior cervical discectomy and fusion (ACDF), neurology referral, and a pain management referral.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Daniel was employed as a quality assurance clerk by FedEx. On March 16, 2020, in the course of her employment, she sustained multiple injuries when she fell backward and hit a cart. Ms. Daniel sought treatment on March 17, 2020, at MedExpress where she was diagnosed with sprains of the cervical, thoracic, and lumbar spine. X-rays of her cervical and thoracic spine did not reveal any acute abnormalities, but the imaging of her lumbar spine showed multi-degenerative disc disease that was greatest at L4-L5. By order dated June 3, 2020, the claim administrator held Ms. Daniel's workers' compensation claim compensable for sprains of the cervical, thoracic, and lumbar spine.

On May 7, 2020, Ms. Daniel was seen at Raleigh Orthopaedics by Megan Dincher, PA-C. Ms. Daniel reported that her neck and upper back pain had progressed to numbness and tingling in both arms and legs. Specifically, she indicated that her entire left arm was

---

[1] Ms. Daniel is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. FedEx is represented by H. Dill Battle III, Esq.

numb and tingling, and the proximal aspect of her right arm was affected. X-rays revealed questionable mild dynamic instabilities at C3 on C4, and C4 on C5. Ms. Dincher diagnosed Ms. Daniel with back pain, lumbar back sprain, sprain of ligaments of the cervical spine, sprain of the upper back, cervical radiculopathy, lumbar radiculopathy, and lumbar degenerative disc disease. Cervical and lumbar MRIs and bilateral upper and lower extremity EMGs were ordered. A cervical MRI performed on June 24, 2020, revealed left foraminal narrowing at C5-C6 with spurs and an overlying disc protrusion, minimal facet arthropathy at C2-C3, and a shallow right paracentral disc protrusion at C2-C3.

On September 15, 2020, Gordon Holen, M.D., examined Ms. Daniel at Raleigh Orthopaedics. X-rays of the cervical and thoracic spine were taken during the visit. The cervical spine X-ray showed degenerative disc disease and spondylosis at C5-C6, but no instability was noted. The thoracic spine X-ray revealed mild diffuse degenerative disc disease and spondylosis and mild levoscoliosis. Dr. Holen noted good range of motion in Ms. Daniel's cervical spine, upper extremities, and lumbar spine, but he observed that she reported pain with the movements. Based on a review of the X-rays and MRI, Dr. Holen diagnosed Ms. Daniel with a left C5-C6 disc herniation and bone spur with foraminal stenosis with correlating clinical radiculopathy. Since conservative care had been exhausted, an ACDF was discussed, and Ms. Daniel opted to proceed with the surgery. Dr. Holen also ordered EMG testing of Ms. Daniel's lower extremities because he felt she had radiculopathy in both legs. Notably, Dr. Holen assessed sprain of the cervical spine, cervical radiculopathy, lumbar radiculopathy, lumbar degenerative disc disease, and sprain of the thoracic spine.

On January 28, 2021, Donald D. Getz, M.D., a board-certified orthopedic surgeon, wrote a Peer Review Report that addressed Dr. Holen's request for ACDF, a neurology referral, and a pain management referral. Dr. Getz reviewed Dr. Holen's treatment notes and imaging from September 15, 2020, and May 7, 2020, and opined that the ACDF was unnecessary because the imaging studies did not reveal nerve root compression at the proposed level of surgery or instability. Further, Dr. Getz determined that the neurology referral and pain management referral were unnecessary because there were no recent progress notes from which Ms. Daniel's current status could be assessed.

By order dated January 29, 2021, the claim administrator denied Dr. Holen's request for ACDF, a neurology referral, and a referral for pain management. The claim administrator indicated the denials were based on a physician reviewer's report. The claim administrator determined that the request did not meet the treatment guidelines set out in West Virginia Code of State Rules § 85-20 (2006). The report of Dr. Getz was attached to the order. Ms. Daniel protested the order to the Board.

In March of 2022, Ms. Daniel reported to Dr. Holen that after the injury she initially experienced neck and upper back pain, but the symptoms progressed to numbness and tingling in her arms and legs, and headaches. Dr. Holen found good range of motion in her

neck, lumbar spine, shoulders, and elbows, although Ms. Daniel reported pain. Further, Dr. Holen noted imaging that showed a left C5-C6 disc herniation associated with bone spurs and foraminal stenosis.

On November 9, 2022, the Board affirmed the January 29, 2021, claim administrator's order. In its decision, the Board noted that the accepted cervical diagnosis in the claim was a cervical sprain, and that West Virginia Code of State Rules § 85-20-35.4 (2006) provides that "[o]perative treatment is inappropriate for cervical strain. . . ." Further, the Board observed that before the work-related injury, Ms. Daniel was treated in March of 2019 by Dr. Holen for multiple complaints including neck pain and left arm pain that extended from her shoulder to her hand associated with numbness and tingling. Dr. Holen's impression at that time included left lateral epicondylitis, left shoulder rotator cuff tendinitis, possible cervical radiculopathy, and cervical thoracic myofascial pain. On April 22, 2019, an EMG/nerve conduction study performed by Barry Vaught, M.D., revealed an active C6-C7 radiculopathy. Thus, the Board determined that Ms. Daniel's cervical symptoms preexisted the compensable injury. The Board was also persuaded by Dr. Getz's opinion that the treatment requests should not be authorized.[2] Finally, the Board found that Dr. Holen's records failed to explain why the referrals for treatment were necessary or related to the compensable injury. It is from the Board's order that Ms. Daniel now appeals.[3]

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;

---

[2] We note that the Board failed to reference that the claim administrator's order dated January 29, 2021, was based on the peer review report by Dr. Getz. West Virginia Code § 23-5-1(a) (2021) (effective until June 30, 2022) and § 23-5-1a(a) (2022) require the claim administrator to include in its orders the basis for its decision. Here, the report of Dr. Getz was mentioned in and attached to the claim administrator's order and the Board should have identified the report as the basis of the claim administrator's denial of the treatment request.

[3] The Board should ensure that the parties' arguments are addressed in its orders. We note that both parties herein filed closing arguments before the Board, but the Board did not provide a summary or otherwise address such arguments in its order.

(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Daniel argues that the Board's decision is clearly erroneous because the preponderance of the evidence establishes that the requested surgery and referrals to neurology and pain management are medically related and reasonably required to treat the compensable injury. Ms. Daniel asserts that the Board's decision prejudices her substantial rights and should be reversed.

According to Ms. Daniel, the Board failed to recognize that Dr. Holen, the treating physician, was in the best position to make appropriate treatment recommendations. Instead, the Board relied on the peer review report of Dr. Getz, whom Ms. Daniel notes never examined her. Further, Ms. Daniel maintains that the Board's application of West Virginia Code of State Rules § 85-20-35.4 was inappropriate because § 4.1 advises that the provisions in the rule are "designed to assist health care providers in the evaluation and treatment of injured workers" but are "not intended to strictly dictate results." Ms. Daniel also argues that the Board's conclusion that the ACDF surgery was aimed at treating her prior diagnosis of C6-C7 radiculopathy was erroneous because the surgery was aimed at treating a different level, C5-C6. Finally, Ms. Daniel contends that there was no evidence that she had prior constant headaches or back pain warranting a pain management referral. Therefore, Ms. Daniel asks that the Board's order be reversed.

Our review is deferential to the Board. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the OOJ per West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated that the Board was required to accord deference to the decisions by the OOJ. *See Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997). After review, we conclude that the Board was not clearly wrong in finding that the surgery request was inappropriate treatment for a cervical sprain/strain. Further, the Board did not err in finding that cervical symptoms preexisted the injury in the claim and that imaging did not reveal nerve root compression at C5-C6, the level of the proposed surgery. Finally, the Board was not clearly wrong in finding that the evidence failed to establish that referrals for neurology and pain management were medically related and reasonably required treatment for the compensable injury.

Finding no error in the Board's order, we affirm.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen