IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TRITON CONSTRUCTION, INC.,**
**Employer Below, Petitioner**

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-261**      (BOR Appeal No. 2058552)
                             (JCN: 2022009082)

**CHAD BLANEY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Triton Construction, Inc. ("Triton") appeals the decision of the Workers' Compensation Board of Review ("Board") dated October 21, 2022, affirming the Office of Judges' (OOJ) order dated June 23, 2022. The OOJ modified the claim administrator's denial of the request to add lumbago with sciatica and multilevel lumbar disc herniations at L4-L5 and L5-S1 as compensable conditions in the claim, holding that the disc herniations at L4-L5 and L5-S1 were compensable, but lumbago with sciatica was not and remained denied. Respondent Chad Blaney filed a timely response.[1] Triton filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 25, 2021, Mr. Blaney, an operating engineer, was injured when he stepped into an uncovered water main hole with his left leg and fell into the hole to the depth of his left hip. Mr. Blaney was treated at the emergency room on the date of the injury for the resulting blunt injury to his left knee and leg and a sprain/contusion. At the hospital, Mr. Blaney complained of left knee pain and that his left foot was initially numb, but the numbness had resolved. X-rays of his left leg did not reveal any fracture or dislocation and Mr. Blaney was discharged. The following day, Mr. Blaney presented to the emergency room reporting severe left hip pain and pain in his left low back. X-rays of the lumbar spine and hips showed mild degenerative changes at L5-S1 and bilateral hip degenerative changes. Mr. Blaney was assessed with left hip and knee strains. On October 29, 2021, Mr. Blaney completed a Report of Occupational Injury form indicating he injured

---

[1] Triton is represented by Jeffrey M. Carder, Esq. Mr. Blaney is represented by Christopher Wallace, Esq.

his left knee, left hip, and left side of his lower back when he fell at work. Mr. Blaney continued to seek medical care for his left low back, left hip, and left knee, and he denied having any prior history of similar symptoms when he was seen at the hospital on November 8, 2021. At that visit, he was assessed with acute onset of left leg sciatica secondary to the recent injury, left knee pain possibly due to a meniscal tear, and MCL sprain. By order dated November 10, 2021, the claim administrator ruled the claim compensable for a left knee sprain.

A lumbar MRI performed on December 2, 2021, revealed findings most pronounced at L4-L5 and L5-S1. At L4-L5, a broad-based disc bulge with superimposed right-sided disc herniation was noted with moderate right neural foraminal and central canal stenosis. Right lateral recess stenosis with possible right L5 nerve root impingement was also noted. At L5-S1, there was a broad-based disc bulge with superimposed central disc herniation migrating along L5. Further, there was bilateral lateral recess stenosis with disc material contacting the bilateral S1 nerves, bilateral neural foraminal stenosis, and central canal stenosis.

Martin Senicki, D.O., an orthopedic doctor, began treating Mr. Blaney on December 10, 2021. On March 1, 2022, Dr. Senicki filed a Diagnosis Update requesting that the secondary conditions of lumbago with sciatica and multilevel lumbar disc herniations at L4-L5 and L5-S1 be ruled compensable. Dr. Senicki explained that the diagnoses related to the compensable injury because the MRI findings revealed the herniated nucleus pulposes at L4-L5 and L5-S1, and the clinical exam was consistent with radiculopathy. Importantly, Dr. Senicki explained the medical history was "consistent with acute onset following an injury at work."

On March 1, 2022, Shari Cui, M.D., an orthopedic spine surgeon, noted that the MRI from December of 2021 was of poor quality. However, from the MRI she observed a disc bulge at L4-L5 causing central canal stenosis and bilateral foraminal stenosis that was worse on the right side. Dr. Cui also noted a disc herniation at L5-S1 that caused central stenosis, and also indicated that X-rays revealed degenerative disc disease, most prominent at L5-S1. Mr. Blaney was diagnosed with back pain, greater trochanteric bursitis of left hip, and lumbosacral radiculopathy at L5.

Joseph E. Grady II, M.D., conducted an independent medical evaluation ("IME") on March 3, 2022. Mr. Blaney denied prior symptoms or injuries involving his left hip, thigh, or knee. Dr. Grady opined that as a result of the work injury, Mr. Blaney sustained a left knee sprain, now resolved, and a left hip strain superimposed on preexisting degenerative joint disease, and internal derangement of the left hip needed to be considered. Addressing the lumbar MRI findings, Dr. Grady noted "some pre-existing degenerative change of the lumbar spine" and commented that he could not ascribe the herniations to the mechanism of injury "with a reasonable degree of medical certainty." Dr. Grady

concluded that Mr. Blaney's symptoms originated in the left hip and not the lumbar disc herniations.

On March 21, 2022, the claim administrator denied the Diagnosis Update of Dr. Senicki based upon the report of Dr. Grady. Mr. Blaney protested this order to the OOJ.

Dr. Cui saw Mr. Blaney on April 26, 2022, and noted that a new MRI had been obtained sometime after the visit on March 1, 2022, because the earlier one was not of good quality. The new MRI showed disc herniations at L4-L5 and L5-S1, mostly on the right. At another visit on May 18, 2022, Dr. Cui opined that some of Mr. Blaney's symptomatology was from the hip, but that results from a recent nerve block indicated that the primary issue was L5 radiculopathy. Dr. Cui also explained that the MRI showed disc bulges at L4-L5 and L5-S1, with the worst stenosis affecting the L5 nerve root at the left lateral recess at L4-L5. She also noted that the MRI showed a facet spur narrowing the left neural foramina at L5-S1 at the nerve root exits. Although the MRI findings were worse on the right side, Dr. Cui advised treatment of only the left side since Mr. Blaney had no right leg symptoms. Specifically, Dr. Cui recommended addressing the compression at L4-L5 and L5-S1 with a left L5 lateral recess opening and left L5-S1 neural foraminotomy. Dr. Cui also felt there was possibly some S1 pathology.

On June 23, 2022, the OOJ ordered that the claim be held compensable for multilevel lumbar disc herniations at L4-L5 and L5-S1, but that the compensability of lumbago with sciatica was properly denied. The OOJ found that the evidence showed that Mr. Blaney did not have a prior history of low back symptoms and cited Syllabus Point 5, *Moore v. ICG Tygart Valley, Inc.*, 247 W. Va. 292, 879 S.E.2d 779 (2022):

> A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

The OOJ found that the report of Dr. Cui dated May 19, 2022,[2] was the most persuasive of record and also found Dr. Senicki's Diagnosis Update to be persuasive evidence that the disc herniations were related to the compensable injury. In its analysis, the OOJ also explained that Mr. Blaney's left leg went into the hole up to hip level, that the MRI revealed herniated discs, and that Mr. Blaney complained of low back pain the

---

[2] This is the date Dr. Cui signed the report for the office visit on May 18, 2022.

day after the injury. However, the OOJ determined that "lumbago with sciatica" was a pain symptom, rather than an injury diagnosis, and it remained denied. On October 21, 2022, the Board affirmed the OOJ decision. Triton now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Triton argues that the OOJ and Board improperly applied the presumption under syllabus point five of *Moore*. First, Triton argues that Mr. Blaney failed to meet his burden of proof to demonstrate a causal relationship between the injury and the multilevel herniations at L4-L5 and L5-S1. Triton asserts that the *Moore* Court reaffirmed that "a claimant has the burden of proving that the compensable injury exacerbated, accelerated, or worsened [a] preexisting condition or disease to the extent it caused a new distinct injury." *Moore*, 247 W. Va. at 292, 879 S.E.2d at 788. According to Triton, no physician of record opined that the multilevel disc protrusions were caused by the injury and only Dr. Grady addressed causation at all, finding no causal connection.

Next, Triton argues the *Moore* Court reaffirmed the standard it set out in Syllabus Point 3, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

4

According to Triton, in a report dated May 18, 2022, Dr. Cui opined that Mr. Blaney's symptoms originated from an age-related bone spur pressing on the L5-S1 nerve root. Triton asserts that neither the bone spur nor degenerative disc disease with multilevel herniations were caused by the injury. Thus, Mr. Blaney did not qualify for the presumption provided in *Moore*.

Further, Triton argues that the OOJ's application of *Moore* erroneously determined that the disc herniations were entitled to a presumption that they were caused by the accident because they were asymptomatic until the work injury. Triton asserts that in *Moore* the Court did not rule the claim compensable for preexisting degenerative cervical disc disease, but found cervical radiculopathy, a newly presented condition arising from the aggravation of the preexisting condition, compensable.

Triton also argues in the alternative, that if it is found that Mr. Blaney qualifies for the presumption under *Moore*, it was rebutted by the report of Dr. Grady. According to Triton, Dr. Grady's report is the only evidence that addressed causation and he concluded that the lumbar herniations were not caused by the work injury. In its reply, Triton reasserts its arguments that the OOJ failed to address whether the *Moore* presumption was rebutted. Triton also maintains that a Diagnosis Update form is not medical evidence, only a procedural form.

Mr. Blaney responds that the Diagnosis Update form by his treating physician, Dr. Senicki, was based on the MRI findings, a clinical exam consistent with radiculopathy, and a medical history consistent with acute onset following an injury at work. Thus, Mr. Blaney asserts that Dr. Senicki linked the conditions to the work injury. Further, Mr. Blaney notes that emergency room records reflect an "acute" onset of left leg sciatica "secondary to a recent injury," and Dr. Cui reported that the L5-nerve root block showed the L5 nerve root was the cause of the radicular complaints. Mr. Blaney argues that Triton's assertions that imply that a Diagnosis Update form is not evidence relating to causation, are incorrect. Further, Mr. Blaney asserts that the OOJ and the Board properly applied the *Moore* decision to the facts and found that the presumption was not rebutted when the Board ruled the claim compensable for multilevel disc herniations at L4-L5 and L5-S1.

After review, we find that the Board did not err in affirming the OOJ's decision. The OOJ reviewed the facts, performed an analysis under *Moore*, and concluded that Mr. Blaney was entitled to a presumption that the low back symptoms were related to the injury as there was no evidence of pre-injury symptoms. The OOJ was clear that the presumption was not conclusive and could be rebutted. However, the OOJ did not find that it was rebutted. The decision by the OOJ provided a reasonable rationale that set out the evidence it deemed to be most persuasive. Further, our review is deferential to the Board's affirmation of the OOJ. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the OOJ per

West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated the Board was required to accord deference to the decisions by the OOJ. *See Conley v. Workers' Comp. Div*., 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997). The OOJ's determination, as affirmed by the Board, is supported by the evidence of record. Therefore, we defer to the Board's affirmation of the OOJ's conclusions.

Given the foregoing, we find that the Board did not err in affirming the OOJ decision that reversed the claim administrator's order and held the claim compensable for multilevel disc herniations at L4-L5 and L5-S1, but affirmed the denial of lumbago with sciatica.

Accordingly, we affirm.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

6