# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ALPHA METALLURGICAL RESOURCES, INC.,**
**Employer Below, Petitioner**

**vs.) No. 22-ICA-270**        (BOR Appeal No: 2058472)
                              (JCN: 2020014383)

**CHARLES E. NELSON,**
**Claimant Below, Respondent**

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Alpha Metallurgical Resources, Inc. ("Alpha") appeals the October 24, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Charles E. Nelson filed a timely response.[1] Alpha did not file a reply. The issue on appeal is whether the Board erred in affirming the Workers' Compensation Office of Judges' ("OOJ") order that reversed the claim administrator's order granting Mr. Nelson an 11% permanent partial disability ("PPD") award and instead granted Mr. Nelson a 24% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 12, 2019, while employed by Alpha, Mr. Nelson was injured when the shuttle car he was driving was struck by another shuttle car. Mr. Nelson was treated at the ER on the day of the accident for injuries to his cervical spine, right shoulder, low back, and right knee. The claim administrator issued an order dated December 17, 2019, that held the claim compensable for a right shoulder sprain, a lumbar sprain, and a cervical sprain.

On April 1, 2021, Mr. Nelson was seen by Prasadarao Mukkamala, M.D., for an independent medical examination ("IME"). Dr. Mukkamala diagnosed a sprain/strain of the right shoulder, a lumbar strain status post right L4-L5 hemi-semi-laminectomy with medial facetectomy for canal nerve release, and a cervical sprain. Using the American

---

[1] The claimant is represented by H. Dill Battle, III, Esq. The employer is represented by William B. Gerwig, III, Esq.

1

Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*") and West Virginia Code of State Rules § 85-20, Table 85-20-C and Table 85-20-E ("Rule 20"), Dr. Mukkamala found a 1% impairment for the cervical spine, a 5% impairment for the right shoulder, and 5% impairment for the lumbar spine. Dr. Mukkamala combined these impairment ratings and converted them to find a total whole person impairment ("WPI") of 11% related to the compensable injury.

The claim administrator issued an order dated April 14, 2021, which granted an 11% PPD award based upon the report of Dr. Mukkamala. Mr. Nelson protested this order.

On June 10, 2021, Mr. Nelson was seen by Bruce Guberman, M.D., for an IME. Mr. Nelson reported to Dr. Guberman that as a result of his injury, he could no longer mow his yard, hunt, or fish. Using the *Guides* and Rule 20, Dr. Guberman found a 13% impairment for the lumbar spine, an 8% impairment for the cervical spine, and a 5% impairment for the right shoulder. Dr. Guberman combined these impairments and converted them to a total of 24% WPI. He said that since the claimant had already been granted an 11% PPD award for this injury, he now recommended an additional 13% PPD award.

Dr. Guberman did not agree with Dr. Mukkamala's apportionment for the cervical and lumbar spine impairment and opined that there was no medical reasoning to apportion for preexisting conditions in this case. While Dr. Guberman noted that Mr. Nelson had evidence of preexisting degenerative joint and disc disease in the lumbar spine and cervical spine, Dr. Guberman said there was no evidence of prior symptoms, loss of motion, or interference with activities of daily living linked to the conditions. Dr. Guberman opined that Mr. Nelson would not have been entitled to an impairment rating for the lumbar spine, cervical spine, or right shoulder based solely on the degenerative changes prior to the injury. Thus, Dr. Guberman choose not to apportion for preexisting conditions.

On November 16, 2021, Mr. Nelson was seen by Marsha Bailey, M.D., for an IME. Dr. Bailey said the claimant's right shoulder complaints were not supported by the mechanism of injury and assigned 0% impairment for it. Dr. Bailey categorized Mr. Nelson's injury to his cervical spine and lumbar spine as relatively minor sprains and strains. Using the *Guides* and Rule 20, Dr. Bailey found a 5% impairment for the cervical spine and a 10% impairment for the lumbar spine. Dr. Bailey apportioned 10% of the total impairment to preexisting conditions, and the remaining 5% to the work-related injury. Dr. Bailey opined that Mr. Nelson had a 5% WPI related to the compensable injury.

On June 23, 2022, the OOJ reversed the claim administrator's order and found that the claimant had established that he has a 24% whole person impairment based on the findings of Dr. Guberman. The Board affirmed the OOJ's order on October 24, 2022. Alpha now appeals the Board's order. By order dated January 9, 2023, this Court stayed the increase of the PPD award from 11% to 24%.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Alpha argues that the OOJ, as affirmed by the Board, ignored, or misrepresented clear evidence that apportionment was necessary for Mr. Nelson's preexisting degenerative conditions and chronic back pain.

This Court noted in *Duff*:

> The Supreme Court of Appeals of West Virginia has previously recognized that radiographic evidence of degenerative changes alone is not sufficient to allow apportionment for preexisting injury. There must be something more, some evidence of a detrimental effect on work or the activities of daily living. Where such evidence of impairment is lacking, the Court has found that apportionment was not appropriate. *See Galaxy Distributing of WV, Inc. v. Spangler*, No. 19-0803, 2020 WL 6559079 (W. Va. Nov. 6, 2020) (memorandum decision) (unanimous decision) (the Board did not err in finding that apportionment was arbitrary and speculative where preexisting changes to right shoulder did not appear to affect the claimant's work or daily activities); *Minor v. West Virginia Division of Motor Vehicles*, No. 17-0077, 2017 WL 6503113, at *2 (W. Va. Dec. 19, 2017) (memorandum decision) (3-2 decision reversing Board of Review decision apportioning for preexisting condition) ("While the 2004 x-ray may have shown degenerative changes [to the right knee], those changes did not appear to affect Mr. Minor's ability to work or his activities of daily living.

3

> Therefore, we agree with the Office of Judges' findings that ... apportionment of the impairment rating due to the 2004 x-ray was improper....").

*Duff* at __, 882 S.E. 2d. at 924.

This case can be distinguished from the facts in *Duff* due to the lack of evidence of treatment prior to the injury. Alpha alleges that Mr. Nelson admitted to "years of chronic back pain," but it fails to provide any evidence that Mr. Nelson sought treatment for that pain prior to his workplace injury, or that his pain affected his daily life or ability to work. There was no mention in Mr. Nelson's medical records of him wanting surgery for his back pain until after the workplace injury. There was also no indication of Mr. Nelson rating his level of pain prior to the workplace injury.

In *CCBCC Operations, LLC v. Henry Coonts*, No. 17-0768, 2018 WL 565570 (Jan. 25, 2018) (memorandum decision), the claimant admitted to having pain consistent with his preexisting arthritis prior to the injury but he had not missed work due to his preexisting arthritis, nor had it affected his daily life. The Supreme Court of Appeals of West Virginia held that the Board was not clearly wrong in finding that apportionment of the claimant's preexisting condition was not supported by the evidence on the record.

The OOJ, as affirmed by the Board, found that while there was some evidence that Mr. Nelson's arthritis was noted previously on medical records and had caused back pain prior to the workplace injury, there was no evidence that Mr. Nelson received treatment for his arthritis, nor was there any evidence that the arthritis affected Mr. Nelson's daily life or ability to work. Therefore, the OOJ found that the reports of Drs. Bailey and Mukkamala were less reliable as they did not provide a sufficient basis for the significant apportionment of the impairment to preexisting arthritis.

After review, we conclude that the OOJ, as affirmed by the Board, was not clearly wrong in finding that Dr. Guberman's report was the most reliable and granting Mr. Nelson a 24% PPD award. Further, our review is deferential to the Board. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the OOJ per West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated the Board was required to accord deference to the decisions by the Office of Judges. *See Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997).

Finding no error in the Board's October 24, 2022, order, we affirm and further, vacate the stay granted by this Court on January 9, 2023.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen