# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ANDRA L. GAJDOS,**
**Claimant Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-232**      (JCN: 2017029442)

**APPALACHIAN ELECTRONIC INSTRUMENTS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andra L. Gajdos appeals the May 8, 2023, order of the Workers' Compensation Board of Review ("Board").[1] Respondent Appalachian Electronic Instruments, Inc. ("AEI") filed a timely response.[2] Ms. Gajdos did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Ms. Gajdos no additional permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 9, 2017, while employed by AEI, Ms. Gajdos sustained a right femur fracture, when she tripped and fell. On the date of injury, a CT scan of Ms. Gajdos' pelvis was performed, revealing degenerative changes in the sacroiliac joint and a right intertrochanteric fracture.[3] On June 10, 2017, Ms. Gajdos underwent an open reduction and internal fixation of the right hip with an intramedullary nail.

---

[1] The Board listed Ms. Gajdos' first name as "Andrea" in its May 8, 2023, order, however, Ms. Gajdos' has indicated that the correct spelling of her first name is "Andra." We will use the name "Andra" to identify Ms. Gajdos.

[2] Ms. Gajdos is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. AEI is represented by James W. Heslep, Esq.

[3] On March 26, 2018, the claim administrator issued an order holding the claim compensable for a fracture of the right femur.

1

Ms. Gajdos was evaluated by Bruce Guberman, M.D., on March 20, 2018. After performing a physical examination of Ms. Gajdos and reviewing her medical records, Dr. Guberman found her to be at maximum medical improvement ("MMI"). Using the American Medical Association *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Guberman opined that Ms. Gajdos had 4% whole person impairment ("WPI") for reduced flexion and extension of the right hip and 2% WPI for two centimeters of shortening on the right leg compared to the left leg. Dr. Guberman combined these impairment ratings and found that Ms. Gajdos had a total of 6% WPI related to her compensable injury.

On March 26, 2018, Ms. Gajdos was deposed. She testified that her symptoms persisted, despite undergoing surgery and physical therapy. On April 3, 2018, the claim administrator issued an order granting Ms. Gajdos a 6% PPD award, based on Dr. Guberman's report.[4]

Ms. Gajdos was evaluated by Michael Kominsky, D.C., on November 16, 2021. Dr. Kominsky found her to be at MMI for her compensable injury. Using the *Guides*, Dr. Kominsky found that Ms. Gajdos had 20% lower extremity impairment for loss of motion in the right hip and 9% lower extremity impairment for a two-centimeter leg length discrepancy, which were converted to 11% WPI. Dr. Kominsky also found that Ms. Gajdos had 2% WPI for post-surgical scarring. Dr. Kominsky opined that Ms. Gajdos had a combined total of 13% WPI related to the compensable injury.

On February 28, 2022, Ms. Gajdos was evaluated by Joseph Grady, M.D., who found no additional impairment.[5] The claim administrator issued an order dated March 21, 2022, which granted Ms. Gajdos no additional PPD award based on Dr. Grady's report. Ms. Gajdos protested this order.

Ms. Gajdos was evaluated by David Soulsby, M.D., on November 8, 2022. Dr. Soulsby opined that Ms. Gajdos was at MMI for her compensable injury. Using the *Guides*, Dr. Soulsby found that Ms. Gajdos had no ratable impairment for loss of range of motion in her hip and no ratable impairment for leg length discrepancy. Dr. Soulsby opined that Ms. Gajdos had been fully compensated by her prior 6% PPD award.

On May 8, 2023, the Board issued an order affirming the claim administrator's order, which granted Ms. Gajdos no additional PPD award. The Board found that Ms.

---

[4] Ms. Gajdos protested this order. The claim administrator's April 3, 2018, order was affirmed by the Office of Judges in a decision dated February 27, 2020.

[5] This report was not submitted to the Board.

Gajdos had not established that she suffered greater than 6% WPI as a result of her compensable injury. Ms. Gajdos now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Gajdos argues that the evidence clearly establishes that she continues to suffer symptoms despite undergoing treatment. Ms. Gajdos further argues that the Board was clearly wrong to disregard Dr. Kominsky's report when it was supported by extensive medical evidence. We disagree.

Here, the Board found that Ms. Gajdos failed to establish with medical evidence that she was entitled to additional PPD. The Board further found that Dr. Kominsky's report was not persuasive as it was not consistent with the weight of the medical evidence. The Board specifically noted that Dr. Kominsky was the only evaluator to find impairment for range of motion loss in internal rotation and external rotation of the right hip and he was the only evaluator to find impairment for scarring.

Upon review, we conclude that the Board was not clearly wrong in finding that Ms. Gajdos failed to establish that she suffered greater than 6% impairment related to her compensable injury based on its review of the available medical reports. Further, the Board was not clearly wrong in determining that Dr. Kominsky's report was not persuasive due to the fact that it was not consistent with the medical evidence.

Our review is deferential to the Board. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the Office of Judges per West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated that the Board was required to accord deference to the decisions by the Office of Judges. *See Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997). Further, we defer to the Board's determinations of credibility. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

Accordingly, we affirm the Board's May 8, 2023, order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**
Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating.

4