## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**STEPHEN SAUNDERS,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-128**          (JCN: 2023003441)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Stephen Saunders appeals the February 22, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc., ("ACNR") filed a response.[1] Mr. Saunders did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 19, 2022, while employed as a coal miner for ACNR, Mr. Saunders alleges that he injured his upper, middle, and lower back when he tripped over a spool of wire. Mr. Saunders reported that he fell, with his head, neck, and upper back hitting the ground. He continued working, although he reported that his entire back hurt for the remainder of the day. Mr. Saunders had previously suffered and received treatment for an injury to his lower back and his hip.

Mr. Saunders was seen on July 19, 2022, at Family Medicine, for a wellness exam. He reported that his hip pain was causing him difficulty walking. A bilateral hip x-ray performed on July 20, 2022, revealed that Mr. Saunders had severe bilateral hip narrowing and degenerative changes. On August 1, 2022, Mr. Saunders returned to Family Medicine and reported that he had fallen at work and reinjured his hip, but that it was starting to improve with rest.

---

[1] Mr. Saunders is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

1

On August 15, 2022, Mr. Saunders was seen at the WVU Medicine Wheeling Hospital Emergency Department. He reported to ACNR that he was experiencing upper back and neck pain following a fall that occurred "around July 18." Mr. Saunders explained that he had been receiving pain treatment for his lower back and hip issues and the pain medication had been helping relieve his upper back and neck pain. Gail Nickerson, FNP, diagnosed Mr. Saunders with neck and back pain. Mr. Saunders reported his injury on August 15, 2022, and he continued to work until he was taken off work on August 19, 2022.

On August 19, 2022, Mr. Saunders was seen by Ross Tennant, NP-C at Corporate Health, ACNR's preferred provider. Mr. Saunders reported that he attempted to continue working without seeking treatment, but his symptoms had progressed. Mr. Tennant diagnosed Mr. Saunders with cervical strain and thoracic myofascial strain and determined that Mr. Saunders was unable to work due to his injury.

The claim administrator issued an order dated September 2, 2022, rejecting this claim. Mr. Saunders was deposed on November 2, 2022. Mr. Saunders testified that he fell backward over a spool of wire outside of the "dinner hole," and that his injury was witnessed by several coworkers and a section boss. He alleged that he completed an accident report the next day at work detailing his injury. Mr. Saunders further testified that he continued to work after his injury hoping that it would resolve without treatment, but he sought treatment after the pain became too much. Mr. Saunders stated his entire back hurt after he suffered a prior injury to his lower back in 2019.

On March 23, 2023, the Board issued an order affirming the claim administrator's order, which rejected the claim. The Board found that Mr. Saunders had not established that he sustained a new and discrete workplace injury. On September 5, 2023, in *Saunders v. ACNR Resources, Inc.*, 23-ICA-161, 2023 WL 5695901 (W. Va. Ct. App. Sept. 5, 2023) (memorandum decision), this Court reversed the Board's order and remanded the claim for the Board to reconsider the claim under *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022). On February 22, 2024, the Board issued an order again affirming the claim administrator's order, which rejected the claim. The Board again found that Mr. Saunders failed to establish that he suffered an injury to his cervical and thoracic regions. Mr. Saunders now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

2

petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, __W. Va. __, 905 S.E.2d 528 (2024).

Mr. Saunders argues that NP Tennant found that he sustained a cervical sprain and a thoracic sprain as a result of his injury on July 19, 2022. Mr. Saunders further argues that the Board incorrectly considered his delay in reporting his injury as evidence that he did not suffer an injury despite his unrebutted statement regarding the mechanism of injury.

Here, the Board found that Mr. Saunders failed to establish by credible medical evidence that he suffered a discrete, new injury to the cervical and thoracic regions of his neck and back on July 19, 2022. The Board further found that the minor inconsistencies in Mr. Saunders' statements and his delay in reporting his injury do not credibly support a finding that he suffered a compensable injury to the cervical and thoracic regions of his neck and back. Thus, the Board chose not to analyze the claim under *Moore* as instructed by this Court based on their credibility findings.

"[A] reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the [lower tribunal's] account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 5, *W. Va. State Police v. Walker*, 246 W. Va. 77, 866 S.E.2d 142 (2021), citing Syl. Pt. 1, in part, *In Re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Further, our review is deferential to the Board. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the Office of Judges per West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated that the Board was required to accord deference to the decisions by the Office of Judges. *See Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order rejecting the claim.

Further, the Board's findings regarding credibility are afforded deference. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

Accordingly, we affirm the Board's February 22, 2024, order.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear